938 F.2d 1114
 15 UCC Rep.Serv.2d 269
 In re BURKART FARM AND LIVESTOCK, a general Wyoming
Partnership, Debtor.
CITIZENS NATIONAL BANK AND TRUST COMPANY OF TORRINGTON,
WYOMING, Appellant,
v.
Carol E. SERELSON, Trustee, Appellee.
 No. 90-8067.
 United States Court of Appeals,
Tenth Circuit.
 July 11, 1991.
 
 Donald E. Jones of Jones and Graham Law Offices, Torrington, Wyo., for appellant.
 Georg Jensen, Cheyenne, Wyo., for appellee.
 Before ANDERSON, TACHA and BRORBY, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 At issue in this appeal is the sufficiency of a land description in a security agreement, which was also filed as a financing statement, covering growing crops. Citizens National Bank & Trust Co. (the bank) appeals the district court's affirmance of the bankruptcy court's order holding that the security agreement covering crops growing "in and around" sections 22, 27, and 28 did not adequately describe the land concerned. The bank contends on appeal that the "in and around" language gave a clear and sufficient description of the location of the growing crops. We affirm.
 
 
 3
 The bank had a security interest in debtor Burkart Farm and Livestock's crops grown "in and around" sections 22, 27, and 28, Township 22 North, Range 62 West of Goshen County, Wyoming. At the time of bankruptcy, debtor was growing crops in contiguous sections 27, 34, and 35. The bankruptcy court held that the only crops covered by the bank's security agreement were those crops grown in the sections (22, 27, and 28) specifically mentioned in the security agreement. The district court affirmed, concluding the bankruptcy court's decision was not clearly erroneous and the description in the security agreement was insufficient to reasonably identify the land concerned.
 
 
 4
 We review the bankruptcy court's decision under the same standard used by the district court, see, e.g., Bartmann v. Maverick Tube Corp., 853 F.2d 1540, 1543 (10th Cir.1988), and affirm when the bankruptcy court's factual findings are not clearly erroneous, Hall v. Vance, 887 F.2d 1041, 1043 (10th Cir.1989). We review the bankruptcy court's legal conclusions de novo. Id.
 
 
 5
 When growing crops are covered by a security agreement in Wyoming, the agreement must include "a description of the land concerned." Wyo.Stat. Sec. 34.1-9-203(a)(i). The financing statement "must also contain a description of the real estate concerned." Wyo.Stat. Sec. 34.1-9-402(a). "[A]ny description of ... real estate is sufficient whether or not it is specific if it reasonably identifies what is described." Wyo.Stat. Sec. 34.1-9-110. A real estate description regarding crops which contains the approximate number of acres of the farm, the county of the location of the land, and the approximate distance and direction of the farm to the nearest town may be sufficient. Landen v. Production Credit Ass'n, 737 P.2d 1325, 1329 (Wyo.1987). A vague reference, however, will not reasonably identify the land concerned. Id.
 
 
 6
 Under the circumstances of this case, we conclude the bankruptcy court's determination that the "in and around" land description is insufficient is not clearly erroneous. The reference to crops grown "in and around" the named sections is vague and does not reasonably identify the land at issue. As the district court indicated, the bank should have expressly included the contiguous sections in the security agreement if it wanted to reasonably identify the land at issue.
 
 
 7
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.