Larry Dale **STEELE** and Arlyce Steele, husband and wife; Max G. Steele and Sharon K. Steele, husband and wife; Steele Farms, a partnership; and Steele Cattle, Inc., Plaintiffs,

v.

**FIRST NATIONAL BANK IN WICHITA, Defendant.**

Civ. A. No. 90–1592–B.

United States District Court, D. Kansas.

Dec. 27, 1991.

David W. Steed, Eric Kidwell, Silver & Steed, Wichita, Kan., for plaintiffs.

William F. Kluge, III, Lambdin, Kluge & Zacharias, Chartered, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is before the Court on the motion of plaintiffs for partial summary judgment. (Doc. 25).

The action is the latest in a series of actions between plaintiffs and defendant ("the Bank"). The following chronology of the suits involving these parties is either admitted or not specifically controverted:

1. On February 25, 1988, the Bank filed four separate suits against plaintiffs herein in the District Court of Greeley County, Kansas. The nature of the state court actions is the foreclosure upon mortgages and security agreements held by the Bank on certain personal and real property of plaintiffs.

2. On or about March 10, 1988, plaintiffs filed four separate reorganization proceedings in the United States Bankruptcy Court for the District of Kansas, all pursuant to Title 11 of the United States Bankruptcy Code. On August 10, 1989, the Bankruptcy Court entered orders confirming the reorganization plans in each of the four cases.

3. On or about January 23, 1989, First Tribune Insurance Agency—a corporation controlled by the individual plaintiffs herein—filed a "Lender Liability" suit against the Bank in the District Court of Sedgwick County, Kansas. This suit, which complained of the Bank's lending relationship with plaintiffs, was dismissed by the court, and was affirmed on appeal.

4. On or about July 27, 1989, plaintiffs filed four separate "Lender Liability" adversary complaints against the Bank in the Bankruptcy Court. On February 10, 1990, plaintiffs filed motions to stay these proceedings and the proceedings are presently pending.

5. Also on or about July 27, 1989, the same plaintiffs filed another "Lender Liability" suit against the Bank in the District Court of Sedgwick County, Kansas. This action was voluntarily dismissed by plaintiffs.

6. Plaintiffs filed the instant action on December 21, 1990. Plaintiffs seek damages and injunctive relief for the Bank's lending conduct allegedly violating: the Bankruptcy Code, 11 U.S.C. §§ 524 and 1141; the Bank Holding Company Act Amendments of 1970, 12 U.S.C. § 1972(1); the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.;* Federal Reserve Act, 12 U.S.C. § 503; several criminal statutes from which plaintiffs apparently imply a civil action; and the

Kansas Consumer Protection Act, K.S.A. 50–623 *et seq.* Plaintiffs also allege several common law claims ranging from fraud to slander; a breach of various duties under the Uniform Commercial Code, K.S.A. §§ 84–1–203 and 84–2–309; as well as a claim of tortious interference with business advantage claim which they seek to imply from the Bankruptcy Code. (Doc. 23, *passim*).

■ Plaintiffs' present motion does not specify on which claims of the 57-page, 267-paragraph Third Amended Complaint they are seeking partial summary judgment. In their argument, however, plaintiffs discuss 11 U.S.C. §§ 524 and 1141, violations of which are alleged in Counts 1 and 9, paragraphs 233–244, of the Complaint. Therefore, the Court will assume that the motion for partial summary judgment goes only to Count 1 and Count 9, paragraphs 233–244, of the Third Amended Complaint.

Count 1 alleges that the Bank has committed an abuse of process by its failure to dismiss the four state court actions still pending in Greeley County. Relying on 11 U.S.C. § 524 and 1141, plaintiffs contend that the Bank was "required" to dismiss the suits after the Bankruptcy Court filed Orders of Confirmation on August 28, 1989. Plaintiffs seek an order from this Court requiring the Bank to dismiss the state court actions; attorney fees and costs associated with the continued prosecution of the state action; compensatory damages for emotional distress; and punitive damages. (Doc. 23, ¶¶ 70–87).

Count 9, paragraphs 233–244, of the Third Amended Complaint likewise alleges violations of §§ 524 and 1141 for the failure of the Bank to dismiss its state court actions. (Doc. 23, ¶¶ 233–244). Plaintiffs allege that the Bank has committed a "tortious interference" with plaintiffs' business advantage by its continued prosecution of the state actions, allegedly crippling plaintiffs' ability to obtain credit. Plaintiffs seek injunctive relief as well as damages.

The effect of a discharge is set forth in 11 U.S.C. § 524(a)(2):

(a) A discharge under this title—

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived; ....

The effect of a confirmation order is set forth in 11 U.S.C. § 1141:

(b) *Except as otherwise provided in the plan or the order confirming the plan,* the confirmation of a plan vests all of the property of the estate in the debtor.

(c) [A]fter confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors ... *except as otherwise provided in the plan or in the order confirming the plan.*

(emphasis added).

Plaintiffs contend that the August 10, 1989 Confirmation Orders entered by the Bankruptcy Court "required" the Bank to dismiss the four state court foreclosure actions and to release its mortgages and security agreements in plaintiffs' property. (Doc. 43, at 5–6). The general tenor of plaintiffs' argument implies that an order of confirmation and discharge automatically extinguishes all prior existing debts and renders "moot" any lawsuits filed prior to entry of the order of confirmation. (Doc. 26, at 14–15).

■ Plaintiffs' argument ignores the exceptions contained in § 1141: if the plan or order confirming the plan provide otherwise, the property does not vest in the estate of the debtor, and the claims of creditors are not released. Similarly, the § 524 injunction against actions on discharged debts does not affect a creditor's ability to maintain an action on property that the plan or order confirming the plan has excepted from the operation of § 1141. The Bankruptcy Court recognized this in its order of discharge made at the time it confirmed the plans:

IT IS FURTHER BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED that *except*

*as otherwise provided in paragraph 1141 of the Bankruptcy Code or in the Plan,* this Order Confirming Plan discharges the debtor from any debt that arose before the date of such confirmation and any debt of a kind specified in 11 U.S.C. paragraph 502(g), 502(h) or 502(i).

(Ex. A, p. 6; Ex. B, p. 10; Ex. C., pp. 9–10, Ex. D. p. 9—to Plaintiffs' Ex. A to Memo in Support, Doc. 26).

Thus, the August 10, 1989 Orders of Confirmation operate as an injunction only against actions involving property that has not been excepted under the plan or the bankruptcy court's order confirming the plan.

The Court's ability to determine whether defendant has violated the § 524 injunction by not dismissing the state actions is hampered by the failure of either party to inform the Court of the precise property at issue in those actions, as well as the relevant terms of the Reorganization Plan. As the party moving for summary judgment, plaintiff bears the initial burden of demonstrating the absence of a genuine issue of material fact by properly informing the court of the basis for its motion. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Necessarily, this burden may be met in this case only if the Court is aware of the property that is the subject of the state court actions. For this reason alone, the motion must be denied.

The Court notes that counsel for both parties have not complied with several local rules. Counsel have failed to attach relevant documents or excerpts to their memoranda and to "refer with particularity to those portions of the record upon which" they rely, D.Kan.Rule 206(c); and defendant has cited to unpublished decisions from the Bankruptcy Court and from Judge Kelly that are unattached to its memorandum, in violation of D.Kan.Rule 112(b).

IT IS THEREFORE ORDERED that plaintiffs' motion for partial summary judgment (Doc. 25) shall be denied. The motion may be resubmitted if properly doc-umented and briefed in accordance with applicable law and the rules of this Court.