**In re STEELE et al., Debtors.**

**Civ. A. Nos. 91–1148–B to 91–1150–B.**

United States District Court,
D. Kansas.

July 29, 1992.

Dan E. Turner, Dan E. Turner Law Offices, Topeka, Kan., for debtors.

William F. Kluge, III, Lambdin, Kluge & Zacharias, Chartered, Wichita, Kan., for First Nat. Bank in Wichita.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter comes before the court on an appeal by the appellant debtors Max and Sharon Steele, Larry and June Steele, and Steele Farms, a partnership, of an order of the United States Bankruptcy Court captioned "Order on Post Confirmation Motion to Lift Stay". Steele Cattle Co., also a debtor listed in the bankruptcy court's order (Case No. 88–40317) has not joined in the appeal. The court has previously recounted the chronology of suits involving the debtors and will not endeavor to repeat itself. *Steele v. First Nat. Bank in Wichita,* 136 B.R. 278 (D.Kan.1991).

The First National Bank in Wichita (Bank) filed motions to lift the automatic stay and to determine that the entire balance under the confirmed plans is now due and owing. The bankruptcy court found the automatic stay was no longer in effect and the Bank was free to proceed against the debtors under nonbankruptcy law. The bankruptcy court found Max and Sharon, Larry and Arlyce, and Steele Farms were

in default, but deferred ruling on the question of whether the Bank was entitled to accelerate the payments and foreclose on the property because it believed that issue could be adjudicated in a pending lender liability suit filed by the debtors in this court. (Order, p. 12) The bankruptcy court did not decide whether Steele Cattle Co. was in default as of December 31, 1989.

The debtors seek alternative relief: (1) that the bankruptcy court did not determine the issue of default or (2) that if the bankruptcy court did so determine, then that ruling is inconsistent with the bankruptcy court's decision to defer to this court a ruling regarding whether the Bank is entitled to accelerate. The Bank responds that the bankruptcy court's determination of default is correct and should be affirmed. The Bank also contends that the debtors should not be permitted to reargue the issue of default in connection with this court's determination of the Bank's right to accelerate.

Bankruptcy Rule 8013 sets forth the standard of review for appeals from Orders of a Bankruptcy Court. Findings of fact will be upheld "unless clearly erroneous". *In re Burkart Farm and Livestock*, 938 F.2d 1114, 1115 (10th Cir.1991). Findings of fact are clearly erroneous if the appellate court has the definite and firm conviction that a mistake has been committed after reviewing the entire record. *Hall v. Vance*, 887 F.2d 1041, 1043 (10th Cir.1989). The bankruptcy court's conclusions of law are reviewed *de novo*. *Burkart*, 938 F.2d at 1115.

The bankruptcy court ruled on two motions in its April 16, 1991 order. The first motion was to lift the automatic stay. The court ruled the automatic stay ceased when the order of confirmation was entered on August 10, 1989. The Bank was therefore free to proceed against the debtors under nonbankruptcy law. The second motion was to determine that the entire balance due under the plan is due and owing. The bankruptcy court reviewed the provisions of the confirmed plan and each of the debtors' payments under the plan. Based on the information before it, it found Max and Sharon Steele, Larry and June Steele, and Steele Farms were in default under their respective plans.

The debtors do not challenge any of the factual premises upon which the bankruptcy court's default ruling rests. Rather, their argument is that the bankruptcy court's findings regarding default are merely *dicta* which are not binding on the issues before this court.

On page 8 of its order, the bankruptcy court stated:

Lack of default is a defense which may be raised by the debtor. As the Bank is no longer constrained by the automatic stay provision of the Bankruptcy Code, it may assert its claim against the debtors as a counterclaim in the lender liability action now pending in the United States District Court for the District of Kansas. Under the circumstances the District Court is the proper forum to rule on the existence of a default under the plan and any defenses the debtors raise.

The court interprets the bankruptcy court's order as deferring to this court a ruling on the issue of whether the Bank is entitled to accelerate the payments and foreclose on the property and that existence of default is central to resolution of this issue. The court notes the Bank has filed a counterclaim in the lender liability suit alleging the debtors are in default under their respective plans. Accordingly, the court finds the rights and obligations of the parties under the confirmed plan will be determined in the lender liability suit currently pending in this court.

IT IS SO ORDERED.