973 F.2d 849
 Bankr. L. Rep. P 74,932
In re Kenneth Robert AMES, Lillian May Ames, Debtors.
Kenneth Robert AMES, also known as Kenny Ames; and Lillian
May Ames, Appellants,
v.
SUNDANCE STATE BANK, Appellee.
 No. 91-8065.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 21, 1992.
 
 Stephen R. Winship of Donald R. Winship & Associates, P.C., Casper, Wyo., for appellants.
 Ken McCartney of Law Offices of Ken McCartney, P.C., Cheyenne, Wyo., for appellee.
 Before MOORE, BARRETT, and BRORBY, Circuit Judges.
 BARRETT, Senior Circuit Judge.
 
 
 1
 Debtors appeal the district court's decision affirming the bankruptcy court's determinations resulting in the dismissal of their Chapter 12 bankruptcy case.[1] Although debtors assert eleven issues on appeal, those issues are subsumed by four questions: did the bankruptcy court err in 1) denying confirmation of debtors' first amended plan for reorganization; 2) denying confirmation of the second amended plan; 3) granting Sundance State Bank (Bank) relief from the automatic stay; and 4) dismissing debtors' bankruptcy action. This court reviews the bankruptcy court's findings of fact under a clearly erroneous standard, while reviewing that court's legal determinations de novo. Citizens Nat'l Bank & Trust Co. v. Serelson (In re Burkart Farm & Livestock), 938 F.2d 1114, 1115 (10th Cir.1991). Upon consideration of the parties' arguments and the record on appeal, we affirm.
 
 
 2
 Debtors are cattle ranchers in Wyoming. The Bank had financed debtors' cattle operation for a number of years. In 1989, however, the Bank informed debtors it would no longer provide financing. Debtors assert that this decision by the Bank forced them to seek bankruptcy relief.
 
 
 3
 The bankruptcy court determined that debtors' ranch had a value of $200,000. At the time they filed their Chapter 12 bankruptcy petition, debtors owed, approximately, $1,200 in real estate taxes to Crook County, Wyoming; $171,600 to the Wyoming Farm Loan Board, secured by a first mortgage on debtors' ranch; $71,700 to the Small Business Administration, secured by a second mortgage on the ranch; $43,000 to the Farmers Home Administration, secured by a third mortgage on debtors' ranch; and $135,000 to the Bank, secured by a security interest in all of debtors' machinery, equipment, livestock, and feed, as well as the products and proceeds thereof. There were also several unsecured creditors holding claims totalling approximately $10,300.
 
 
 4
 Debtors first argue that the bankruptcy court erred in denying confirmation of their first amended plan for reorganization. That plan, in pertinent part, provided that no payments be made to the Bank. Rather, Debtors asserted that litigation they planned to pursue against the Bank for "breach of implied loan commitments and resulting personal injuries," Appellants' app., doc. 9 at 3, would produce an award of damages in excess of debtors' obligation owed to the Bank. Id.
 
 
 5
 The bankruptcy court declined to confirm this plan, determining that because the plan relied primarily upon debtors' pursuit of possible litigation against the Bank, the plan was not feasible. See 11 U.S.C. § 1225(a)(6) (bankruptcy court shall confirm plan if, inter alia, debtor will be able to make all payments called for under plan and will be able to comply with plan's terms). In making this determination, the bankruptcy court expressly refused to value debtors' causes of action against the Bank for purposes of confirming the plan. Debtors argue that the bankruptcy court's failure to estimate the value of these potential claims was error.
 
 
 6
 Debtors bear the burden of establishing all elements necessary for confirmation of a plan, including the feasibility of the plan. In re Novak, 102 B.R. 22, 24 (Bankr.E.D.N.Y.1989). Although debtors are not required to guarantee the success of the plan, they must provide "reasonable assurance that the plan can be effectuated." In re Hopwood, 124 B.R. 82, 86 (E.D.Mo.1991). A plan's "income projections must be based on concrete evidence and must not be speculative or conjectural." In re Novak, 102 B.R. at 24. Because of the speculative nature of debtors' potential litigation against the Bank, the bankruptcy court did not err in declining to confirm this plan. See In re Cherry, 84 B.R. 134, 138-39 (Bankr.N.D.Ill.1988) (Chapter 11).
 
 
 7
 Debtors next argue that the bankruptcy court erred in denying confirmation of their second amended plan. That plan called for, among other things, the sale of the livestock securing the Bank's note and use of the proceeds of that sale to reduce debtors' obligation owed to the Wyoming Farm Loan Board, which held a first mortgage on debtors' ranch. The plan further provided that the Bank's note would be modified to make it payable over a thirty-year period. Finally, the plan substituted a second mortgage interest in debtors' ranch for the Bank's secured interest in debtors' livestock, feed, and equipment.
 
 
 8
 11 U.S.C. § 1225(a)(5) requires that, in cases like this, where the secured creditor objects to the terms of the plan and the debtor is not surrendering the property subject to the security interest to the creditor, the plan must satisfy two requirements: 1) the plan must provide that the creditor retain the lien securing the claim; and 2) the plan must provide that the secured creditor receive property having a present value not less than the allowed amount of the claim. 11 U.S.C. § 1225(a)(5)(B); see also Abbott Bank-Thedford v. Hanna (In re Hanna), 912 F.2d 945, 949 (8th Cir.1990). The terms of debtors' second amended plan failed to satisfy § 1225(a)(5)(B) because the plan substituted a second mortgage interest in real property for the Bank's lien on debtors' livestock and equipment. In re Hanna, 912 F.2d at 951-52. The bankruptcy court, therefore, did not err in declining to confirm the second amended plan. See id. at 952. Because these determinations support the bankruptcy court's denial of confirmation of both plans, this court need not address debtors' remaining arguments in support of the confirmability of these plans.
 
 
 9
 Debtors next argue that the bankruptcy court erred in dismissing debtors' bankruptcy action. Because dismissal of a Chapter 12 case is appropriate when debtors have failed to propose a confirmable plan, see, e.g., Euerle Farms, Inc. v. State Bank (In re Euerle Farms, Inc.), 861 F.2d 1089, 1091-92 (8th Cir.1988), the bankruptcy court did not abuse its discretion, see United States v. Lawless (In re Lawless), 79 B.R. 850, 853 (W.D.Mo.1987), in dismissing debtors' case.
 
 
 10
 Lastly, debtors argue that the bankruptcy court erred in granting the Bank relief from the automatic stay. Although relief from the stay would be justified in these circumstances, see In re Novak, 103 B.R. 403, 412 (Bankr.E.D.N.Y.1989) ("What constitutes 'cause' for dismissal, which would terminate the stay as to all creditors, surely constitutes 'cause' for relieving a single creditor of the automatic stay."), because the bankruptcy court properly dismissed debtors' bankruptcy action, that court's order granting the Bank relief from the automatic stay is moot, see, e.g., In re Coones Ranch, Inc., 138 B.R. 251, 260 (Bankr.D.S.D.1991).
 
 
 11
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument