986 F.2d 1426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jean M. ANDERSON, Plaintiff-Appellant,
v.
LIFELINE HEALTHCARE GROUP, LTD., Defendant-Appellee.
 No. 92-5076.
 United States Court of Appeals, Tenth Circuit.
 Feb. 18, 1993.
 
 Before STEPHEN H. ANDERSON and EBEL, Circuit Judges, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's affirmance of the bankruptcy court's holding regarding the disposition of profit sharing funds in which plaintiff claims an interest. Plaintiff's ex-husband, Michael Anderson, was president of the defendant debtor corporation. A wholly owned subsidiary of debtor corporation established a profit sharing trust, in which Michael Anderson had an account worth approximately $88,700.00 as of September 1990. Plaintiff filed a divorce petition in Oklahoma state court in May 1990. At that time, the state court issued an order prohibiting Michael Anderson from transferring or otherwise disposing of any property held in either his or his wife's name, or in which either party claimed an interest.
 
 
 3
 Prior to the bankruptcy filing, a special master was appointed to take control of the affairs of defendant debtor in connection with a separate case which was then pending in federal district court (SEC proceeding). Also prior to commencement of the bankruptcy, Michael Anderson entered into a stipulation of settlement and release with the special master in connection with the SEC proceeding. In that settlement, Anderson waived any right, title, or interest he may have had in the profit sharing funds, in favor of defendant debtor corporation. The stipulation acknowledged plaintiff's claim to the funds in connection with the divorce proceedings, and it stated that the special master disputed the claim of plaintiff. On September 6, 1990, defendant filed a voluntary Chapter 11 bankruptcy proceeding. Shortly thereafter, the Oklahoma state court entered a modified order in the divorce proceeding specifically prohibiting Michael Anderson from transferring or disposing of his interest in the profit sharing account.
 
 
 4
 On February 7, 1991, defendant debtor filed a motion in the bankruptcy court, requesting the court to approve the stipulation of settlement and release regarding Michael Anderson, dated September 6, 1990. The motion, along with a copy of the court's standing order regarding notice and opportunity for hearing, was sent to all creditors, including plaintiff. Neither plaintiff nor any other creditor objected to the motion for approval of the settlement agreement within the time set forth in the standing order and, consequently, the bankruptcy court entered its order approving the stipulation of settlement and release regarding Michael Anderson on March 5, 1991.
 
 
 5
 The special master filed his plan of reorganization for defendant debtor on February 25, 1991, and he filed an amended disclosure statement for the reorganization plan on April 5, 1991. These documents clearly stated that, upon confirmation, all property would vest in the special master free and clear of all other claims or interest, and that the proceeds from the settlement with Michael Anderson (his interest in the profit sharing account) were a source of cash for the reorganization plan. Plaintiff did not object to the plan; in fact, she voted to accept the plan on May 13, 1991. The plan of reorganization was confirmed by order of the bankruptcy court on May 23, 1991.
 
 
 6
 The Oklahoma state court entered an order in the divorce proceedings on August 29, 1991, awarding to plaintiff as her sole and separate property "[a]ny and all of the profit sharing plan of Lifeline Homecare which may hereafter be recovered." App. to Opening Br. of Appellant at 122-23. Debtor corporation filed a motion with the bankruptcy court for authority to terminate the profit sharing trust and distribute the funds on August 12, 1991. Plaintiff did file an objection to that motion, claiming that her marital interest in Michael Anderson's profit sharing account survived both Anderson's assignment of his interest and its vesting in the special master free and clear of all claims as provided in the order confirming the reorganization plan.
 
 
 7
 The bankruptcy court granted debtor corporation's motion for authority to terminate the profit sharing trust and distribute the funds, and it overruled plaintiff's objection to that motion. The court found that plaintiff "had knowledge of any and all of the activities of the Special Master, and by her inaction consented to the acts and activities and the approval of the disposition of the Profit Sharing Plan and is, accordingly, precluded and estopped from asserting an interest in the [profit sharing funds]." App. to Appellee's Answer Br., tab 8 at 44.
 
 
 8
 The district court affirmed the bankruptcy court's ruling, finding that plaintiff submitted herself and her marital claim to the profit sharing funds, to the jurisdiction of the bankruptcy court by filing her claims with that court. The district court further found that, after the reorganization plan was confirmed, there remained no residue of the profit sharing funds to which the order of the Oklahoma state court could apply.
 
 
 9
 We review findings of fact made by the bankruptcy court for clear error. Ames v. Sundance State Bank (In re Ames), 973 F.2d 849, 850 (10th Cir.), petition for cert. filed, 61 U.S.L.W. 3446 (U.S. Dec. 2, 1992) (No. 92-942). Legal determinations made by the bankruptcy court are reviewed de novo. Id.
 
 
 10
 "Property of the estate" is broadly defined to include all property in which the debtor has a legal or equitable interest as of the commencement of the case. 11 U.S.C. § 541(a)(1). Debtor's profit sharing trust held legal title to the profit sharing funds, and, pursuant to Michael Anderson's assignment, debtor also alleged an equitable interest in the funds in Michael Anderson's profit sharing account. Because debtor had both a legal and an alleged equitable interest in the profit sharing funds, they were properly included as property of the estate.[1] Consequently, the bankruptcy court had jurisdiction over the dispute regarding the funds. See Gardner v. United States (In re Gardner), 913 F.2d 1515, 1518 (10th Cir.1990). Further, plaintiff submitted herself to the equitable power of the bankruptcy court when she filed a claim in the bankruptcy proceeding, asserting a marital interest in Michael Anderson's profit sharing account. See Bayless v. Adams ex rel. Crabtree, 108 B.R. 299, 304 (W.D.Okla.1989), aff'd, 930 F.2d 32 (10th Cir.1991) (table).
 
 
 11
 The amended disclosure statement for the reorganization plan indicated that the profit sharing funds were to be used in the reorganization. Plaintiff did not object to confirmation of the plan; in fact, she specifically voted to accept the plan. The reorganization plan disposed of plaintiff's claims against the profit sharing funds, and it specifically provided that all creditors were bound by the provisions of the plan and were barred from asserting claims that arose prior to the date of entry of the plan, as did the confirmation order. App. to Opening Br. of Appellant at 65; App. to Appellee's Answer Br., tab 7 at 3; see 11 U.S.C. § 1141(a).
 
 
 12
 In light of the foregoing, we hold that the bankruptcy court properly exercised its jurisdiction over the funds and plaintiff's claim thereto. Plaintiff did not object to the bankruptcy court's approval of the settlement agreement, and she voted to accept the reorganization plan. Upon confirmation of the plan, any interest she claimed in the funds was terminated; at that point, the funds vested in the special master free and clear of all claims. See 11 U.S.C. 1141(b) and (c). The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The record does not indicate, and neither party discloses, whether this profit sharing trust was a qualified Employee Retirement Income Security Act (ERISA) plan. Consequently, we express no opinion on ERISA nonalienability of the plan