21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Sharoff Food Service, Inc., Debtor.
H. Christopher CLARK, Plaintiff-Appellee,
v.
O.K. FOODS, INC., Defendant-Appellant.
 No. 93-1091.
 United States Court of Appeals, Tenth Circuit.
 March 17, 1994.
 
 1
 Before TACHA and KELLY, Circuit Judges, and BROWN,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument; appellant's request to set the matter for oral argument is denied.
 
 
 3
 Defendant O.K. Foods, Inc. appeals the district court's order affirming the bankruptcy court's ruling that payment of certain funds to O.K. Foods was an avoidable preference pursuant to 11 U.S.C. 547. In 1989, O.K. Foods filed a complaint and motion for writ of prejudgment garnishment against Sharoff as the defendant, and Burger King as the garnishee. Burger King admitted its indebtedness to Sharoff, and the parties entered into a three-way settlement agreement. Burger King paid the funds in question to O.K. Foods pursuant to the agreement. No judgment was entered, either against Sharoff or Burger King.
 
 
 4
 Sharoff went into involuntary bankruptcy shortly thereafter. Burger King's payment of the funds fell within the ninety-day preference period under 11 U.S.C. 547, and the trustee brought an adversary proceeding against O.K. Foods, seeking to avoid the payment as a preference. O.K. Foods moved to dismiss the complaint and for summary judgment, which motion the bankruptcy court denied. The parties then stipulated to the entry of judgment against O.K. Foods, reserving the right to appeal. The district court affirmed.
 
 
 5
 On appeal, O.K. Foods presents the same arguments that were briefed to the district court. Essentially, O.K. Foods contends that, because the prejudgment writ of garnishment was served before the ninety-day preference period, and because, under Florida law, the garnishor's rights relate back to the date of service of the writ, the transfer occurred outside the preference period.
 
 
 6
 This court has jurisdiction over this appeal under 11 U.S.C. 158(d). On review, we apply the same standards as the district court, see Citizens Nat'l Bank & Trust Co. v. Serelson (In re Burkart Farm & Livestock), 938 F.2d 1114, 1115 (10th Cir.1991). The parties agree that the facts are undisputed. We review legal determinations de novo, id. Our review of determinations based on state law is also de novo. See Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).
 
 
 7
 Following our careful review of the record on appeal, together with the parties' briefs and motions before this court, we conclude that the district court correctly decided this case. Therefore, for substantially the reasons stated in the district court's Memorandum Opinion and Order, dated March 8, 1993, the judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470