FILED
United States Court of Appeals
Tenth Circuit

July 12, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re: OMAR A. DUWAIK,

    Debtor.
_____

OMAR A. DUWAIK,

    Appellant,

v.

JP MORGAN CHASE BANK, N.A.,
Successor in Interest by purchase from the
FDIC as Receiver of Washington Mutual
Bank, FKA Washington Mutual Bank FA,

    Appellee.

No. 17-1385
(D.C. No. 1:17-CV-00142-MSK)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

JP Morgan Chase Bank, N.A. (Chase) alleges that it is the holder of a promissory

note executed by appellant Omar Duwaik and secured by several parcels of real estate,

including a house.  Duwaik filed for bankruptcy under Chapter 11, which triggered an

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

automatic stay of all litigation against him under 11 U.S.C. § 362(a). But when he failed to make payments to Chase under the terms of the confirmed Chapter 11 plan, Chase moved the bankruptcy court for relief from the automatic stay so that it could pursue foreclosure on the real estate. The bankruptcy court granted the motion, and Duwaik appealed to the United States District Court for the District of Colorado. While the appeal was pending, Duwaik sought from the district court an injunction pending appeal to prevent Chase from foreclosing on the real estate. The district court affirmed the bankruptcy court's grant of relief from the stay and denied the request for an injunction. Duwaik appeals the rulings of the district court.

We have jurisdiction under 28 U.S.C. § 1291 and affirm. Duwaik raises numerous issues regarding the merits of the district court's rulings. But we need not address those issues because we resolve the appeal on procedural grounds. Duwaik's Chapter 11 bankruptcy proceeding has been dismissed by the bankruptcy court,[1] so his challenge to the relief from stay is moot. And the district court properly refused to consider Duwaik's request for an injunction because he did not first pursue that relief in the bankruptcy court.

Under 11 U.S.C. § 362(c)(2)(B), a stay in a Chapter 11 bankruptcy proceeding expires when the proceeding is dismissed. At this point, setting aside the order lifting the stay would therefore accomplish nothing. Because the appeal of the district court's order can have no real-world consequences, the issue is moot and we lack jurisdiction to

---

[1] The order dismissing the Chapter 11 proceeding postdates the filing of the opening brief and is not part of the record on appeal. But we grant Chase's request to take judicial notice of this federal-court document. *See* Fed. R. Evid. 201(d).

address the matter. *See In re Ames*, 973 F.2d 849, 852 (10th Cir. 1992) ("[B]ecause the bankruptcy court properly dismissed debtors' bankruptcy action, that court's order granting the Bank relief from the automatic stay is moot."); *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (mootness is "a matter of jurisdiction"). Because mootness has prevented us from reviewing the district court's order lifting the stay, that order should be vacated by the district court. *See Wyoming v. U.S. Dept. Agric.*, 414 F.3d 1207, 1213 (10th Cir. 2005) ("When a case becomes moot pending appeal, the general practice is to vacate the judgment below and remand with directions to dismiss.").

Plaintiff's reply brief argues that despite the dismissal of his original Chapter 11 proceeding, the issue is not moot because he is back in bankruptcy. But he refers to a new bankruptcy proceeding under Chapter 13, not the Chapter 11 proceeding underlying the issues in this appeal. Whether to lift the stay in the Chapter 13 proceeding is a distinct matter.

We also reject Duwaik's challenge to the district court's denial of his request for an injunction pending appeal. Under Fed. R. Bankr. P. 8007(a)(1)(C), a party in a bankruptcy proceeding who is seeking "an order suspending, modifying, restoring or granting an injunction while an appeal is pending" ordinarily must first move for relief in the bankruptcy court. Doing so is excused only if the party can "show that moving first in the bankruptcy court would be impracticable." Fed. R. Bankr. P. 8007(b)(2)(A). The district court did not abuse its discretion when it refused to consider Duwaik's request for injunctive relief because he had neither pursued relief in the bankruptcy court nor

3

attempted to show that first filing a motion in the bankruptcy court would have been impracticable. *Cf. Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) (denial of preliminary injunction is reviewed for abuse of discretion).

Duwaik makes two arguments before this court as to why the district court's disposition was improper. But the record shows that Duwaik did not present these arguments to the district court. Because he did not properly preserve those arguments, they are forfeited in this court. *See Ave. Capital Mgmt. II, L.P. v. Schaden*, 843 F.3d 876, 885 (10th Cir. 2016) ("An appellant forfeits an argument by failing to preserve it in district court.")

We **REMAND** to the district court to vacate the order granting relief from the stay and in all other respects **AFFIRM** the judgment below.

Entered for the Court


Harris L Hartz
Circuit Judge