Jeffrey Raleigh HALL and Suzanne C. Hall, Plaintiffs–Appellants,

v.

Katheryn VANCE, Assistant United States Trustee, Defendant–Appellee.

No. 89–5079.

United States Court of Appeals, Tenth Circuit.

Oct. 16, 1989.

Jeffrey Raleigh Hall and Suzanne C. Hall, pro se.

Stuart E. Schiffer, William Kanter, Carol Park Wood, and Richard A. Wieland of the U.S. Dept. of Justice, Wichita, Kan., and John E. Logan of the U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before LOGAN, MOORE and ANDERSON, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Jeffrey and Suzanne Hall appeal a decision of the United States District Court for the Northern District of Oklahoma affirming the bankruptcy court's dismissal of their Chapter 11 petition. The Halls, appearing *pro se*, pose numerous challenges to the decisions of the bankruptcy and district courts. Upon review, we find that only one of these assignments of error has merit. We hereby affirm the district court's holding that the bankruptcy court properly dismissed the case but reverse the district court's affirmance that the dismissal be with prejudice.

## I. BACKGROUND

The Halls filed a petition for Chapter 11 reorganization in the bankruptcy court for the Northern District of Oklahoma on October 21, 1987. Shortly after the exclusive 120-day period for filing a debtor's reorganization plan had expired, the United States Trustee (the Trustee) filed a motion to dismiss. Among the alleged grounds for dismissal was the Halls' failure to file a plan or disclosure statement within the 120-day period. Approximately one month later, AACO Automotive, a creditor of debtor Jeffrey Hall, also filed a motion to dismiss based on, among other grounds, the debtors' failure both to supply sufficient information with which a creditor could draw up a reasonable plan and to propose a plan or file a disclosure statement.

At a status conference held on March 31, 1988, the bankruptcy judge set deadlines for filing proof of claims, for the debtors' filing of objections, and for the debtors' submission of a disclosure statement and plan of reorganization. He also set a hearing for June 24, 1988, to consider approval of the disclosure statement and the two motions to dismiss.

The Halls failed to meet their deadlines, filing their objections three days late and their reorganization plan (the Plan) and disclosure statement (the Statement) one day late. They also filed their required monthly reports after the deadlines set by the Trustee. Both the Trustee and Sooner Federal, the Halls' largest secured creditor, filed objections to the Halls' Statement, claiming that it lacked adequate financial information, such as rental income flow, a description of assets and liabilities, and accrued administrative expenses.

At the hearing, the bankruptcy judge suggested to the Halls that he appoint a trustee to value the assets and income of their estate and manage the income generated. When Jeffrey Hall objected to the appointment of a trustee, the judge dismissed the case with prejudice.

In its order of dismissal, the bankruptcy court relied on 11 U.S.C. §§ 1112(b)(2), (3) and (4), holding that the Halls' failure to meet the court's deadlines for filing objections to proofs of claim and for filing the Plan and Statement as well as their failure to meet the Trustee's deadlines for filing monthly reports supported dismissal under

§ 1112(b)(4). Dismissal under § 1112(b)(2) was justified because of the inadequacies of the Statement, including failure to provide a description of the debtors' business with an enumeration of assets and liabilities, accounts receivable, the condition of the property, the maintenance required and the values associated with each parcel of real property; failure to provide to creditors a reason for the debtors' financial difficulty; failure to provide the creditors with debtors' cash requirements for operating the properties; and failure to denominate the claimants into classes and identify their treatment under the Plan. The court concluded that these omissions in the Statement constituted unreasonable delay which was prejudicial to the creditors and warranted dismissal under § 1112(b)(3).

The Halls appealed the dismissal to the district court which referred the case to a magistrate for an advisory hearing. The Halls objected to the referral and did not appear at the hearing. The district court affirmed the magistrate's recommended dismissal, holding that the bankruptcy court's findings of fact were not clearly erroneous. The district court failed to address the Halls' other assignments of error. The Halls here seek review of that decision.

## II. STANDARD OF REVIEW

■ It is well established that neither this court nor the district court can disturb a bankruptcy court's findings of fact unless they are clearly erroneous. *In re Branding Iron Motel*, 798 F.2d 396, 399 (10th Cir.1986); Fed.R.Bankr.P. 8013. A factual finding is clearly erroneous " 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). [206]

This court, however, may exercise *de novo* review over the bankruptcy court's conclusions of law. *In re Branding Iron Motel*, 798 F.2d at 399–400.

## III. THE BANKRUPTCY COURT'S FINDINGS OF FACT

The Halls claim that the bankruptcy court's findings of fact were clearly erroneous. They focus in particular on the court's enumeration of the omissions in their Statement. While the Statement does address some of the areas which the bankruptcy court found the debtors had omitted, the information which was disclosed simply does not meet the standard of adequacy which 11 U.S.C. § 1125(a)(1) requires. That section states:

"[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan. . . .

The bankruptcy court properly concluded that this information had not been provided.

■ The bankruptcy court found that the Statement failed: (1) to enumerate the assets and liabilities, accounts receivable, physical condition and maintenance required for each parcel of real property; (2) to provide the reason for debtors' financial difficulty; (3) to provide the creditors with the cash requirements needed by the debtors to operate the properties; (4) to identify any escrowed funds held on behalf of the debtors' tenants; (5) to reveal the status of any pending litigation against the debtors and their assets; and (6) to identify the tax consequences which may arise as a result of the debtors' reorganization. These failures are clearly contrary to § 1125(a)(1); therefore, we must reject the Halls' contention that the bankruptcy court's findings of fact were clearly erroneous.

## IV.  DISMISSAL UNDER § 1112(b)(2)

■ The bankruptcy code (the Code)[1] enumerates ten grounds upon which a bankruptcy court may dismiss a Chapter 11 case or convert it into a case under Chapter 7.  11 U.S.C. § 1112(b)(1)-(10).  This list is not exhaustive.  H.R.Rep. No. 595, 95th Cong., 1st Sess. 405–06, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6361–62; *In re Larmar Estates, Inc.*, 6 B.R. 933, 936 (Bankr.E.D.N.Y.1980).  Dismissal or conversion must be at the request of a party, after notice and a hearing, and for cause.  11 U.S.C. § 1112(b); 5 *Collier on Bankruptcy* ¶ 1112.03, at 1112–14 (15th ed. 1979).  The bankruptcy court has broad discretion under § 1112(b).  S.Rep. No. 989, 95th Cong., 2d Sess. 117, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5903; *In re Koerner*, 800 F.2d 1358, 1367 (5th Cir.1986).

Under § 1112(b)(2), the bankruptcy court may dismiss or convert a Chapter 11 case if the debtor is unable to effectuate a plan, which means that the debtor lacks the ability to formulate a plan or to carry one out.  *Moody v. Security Pacific Business Credit, Inc.*, 85 B.R. 319, 345 (W.D.Pa.1988), *vacated on other grounds sub nom. Moody v. Simmons*, 858 F.2d 137 (3d Cir. 1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1529, 103 L.Ed.2d 835 (1989); *In re Economy Cab & Tool Co.*, 44 B.R. 721, 725 (Bankr.D.Minn.1984).  While the courts have generally applied this ground where the debtor is a corporate shell, *In re Economy Cab*, 44 B.R. at 725, they have also granted dismissals or conversions under § 1112(b)(2) where the debtor is an individual and the estate creditors continue to suffer losses as a result of the delay.  *See In re Koerner*, 800 F.2d at 1368; *Fossum v. Federal Land Bank*, 764 F.2d 520, 521–22 (8th Cir.1985); *In re McDermott*, 77 B.R. 384, 386 (Bankr.N.D.N.Y.1987).  In *Koerner*, for example, the Fifth Circuit held that conversion under § 1112(b)(2) was appropriate where the individual debtor had submitted only a "nebulous plan" over a sixteen-month period.  800 F.2d at 1368.

Similarly, in *In re Cassavaugh*, 44 B.R. 726 (Bankr.W.D.Mo.1984), the bankruptcy court dismissed a Chapter 11 petition under § 1112(b)(2) because the farm debtors had failed to present an acceptable plan within eight months of the petition.

■ The Halls contend that the bankruptcy court's findings of fact do not support dismissal under § 1112(b)(2) because the court made no determination with respect to the debtors' financial condition.  According to the Halls, such a determination is necessary because the "inability to effectuate a plan" means that "reorganization would be futile."  As the cases cited above make clear, this interpretation is only partially correct.  Dismissal under § 1112(b)(2) is appropriate where the debtor's failure to file an acceptable plan after a reasonable time indicates its inability to do so whether the reason for the debtor's inability to file is its poor financial condition, the structure of the claims against it, or some other reason.

■ In this case, as in *Cassavaugh*, the debtors failed to file an acceptable plan within eight months of their Chapter 11 petition.  The bankruptcy court's findings support the conclusion that the Plan was unacceptable.  The Halls' failure to file an acceptable plan over eight months indicates that without the appointment of a trustee, to which the Halls objected, the debtors would be unable to formulate an acceptable plan in the future.  Because we conclude that dismissal under § 1112(b)(2) was justified, we need not address the Halls' assignments of error with respect to dismissal under sections 1112(b)(3) and (4).

The Halls also claim that the bankruptcy court abused its discretion by failing to consider alternative remedies.  The only alternative remedy which § 1112(b) requires the court to consider, if it is in the best interest of the creditors, is conversion to Chapter 7.  As the Trustee indicated, all creditors had notice of the motions to dismiss, yet during the three months between the filing of those motions and the hearing

---

**1.** The Code to which this opinion refers includes the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2549, and the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333.

on them, none filed objections or moved to convert. If conversion were in the best interest of the creditors, they would have so moved prior to the June 24th hearing. The court did recommend that it appoint a trustee pursuant to 11 U.S.C. § 1104 to assist the Halls in filing a plan. Jeffrey Hall objected, foreclosing this alternative remedy. The record, therefore, shows that the bankruptcy court did not abuse its discretion as the Halls allege.

The Halls further protest that the bankruptcy court did not explain why dismissal was the best remedy. We agree with the Fifth Circuit's conclusion in response to a similar contention:

> [This] argument is not well taken. The bankruptcy judge is not required to give exhaustive reasons for his decision. He is only required to comply with 11 U.S.C. § 1112(b)(2) which provides that the court may convert a reorganization proceeding to a straight bankruptcy for cause including "(2) inability to effectuate a plan".…

*Koerner*, 800 F.2d at 1368. We, therefore, reject the Halls' claim that the bankruptcy court abused its discretion by failing to consider remedies other than dismissal.

### V. DISMISSAL WITH PREJUDICE

Ordinarily, a bankruptcy dismissal is without prejudice unless the court enters a specific order for good cause shown. 11 U.S.C. § 349(a). When the petitioner in bankruptcy is an individual or farmer, a dismissal is for cause if it results from "the willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case." 11 U.S.C. § 109(g)(1).

■ Dismissal with prejudice is a severe sanction to which the courts should resort only infrequently. *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177 (7th Cir.1987). In *In re McDermott*, 77 B.R. 384 (Bankr.N.D.N.Y.1987), for example, a case with facts far more egregious than this, the bankruptcy court refused to grant the creditor's motion for a dismissal with prejudice although the court ultimately did dismiss under 11 U.S.C. § 1112(b)(2).

In that case, nearly two years and three proposed plans of reorganization elapsed between the Chapter 11 filing and the creditor's motion to dismiss with prejudice. The debtors had also missed one of the court's deadlines for filing a plan by over two months. Nevertheless, the court refused to dismiss with prejudice because the creditor had failed to make a showing of bad faith.

■ The Halls contend that the bankruptcy court abused its discretion when it dismissed their Chapter 11 petition with prejudice because there was no showing of cause. In fact, the court found that the Halls had filed their objections to proofs of claim and their Plan past the deadlines set by the court and that they had consistently filed their monthly reports late. The Halls' tardiness, however, does not support a finding of bad faith. The objections were filed only three days late and the Plan, only one day late. While the monthly reports were substantially more tardy, a fact which we do not condone, neither party moving for dismissal made a showing, beyond conclusory allegations, how the late filing of the monthly reports prejudiced them.

We note, moreover, that the Halls are appearing *pro se*. While that status does not entitle them to special treatment under the Code, it does lead us to the conclusion that their failure to file an acceptable disclosure statement and plan was more the result of their unfamiliarity with the intricacies of the Code than a willful attempt to defy a court order or delay the prosecution of this case.

### VI. THE DISTRICT COURT'S REFERRAL TO A MAGISTRATE

■ Only one of the Halls' several challenges to the way in which the district court exercised its appellate function merits attention. The Halls contend that the district court's referral of this case to a magistrate for an advisory hearing circumvented their right to appeal the bankruptcy court's decision to an Article III court. We disagree.

Congress has empowered the district courts to refer cases to a magistrate with some exceptions. 28 U.S.C. §§ 631–639. Where the district court is not specifically empowered to refer a case, it may do so under the general provision of 28 U.S.C. § 636(b)(3) which allows the district court to assign to a magistrate "such additional duties as are not inconsistent with the Constitution and laws of the United States." The purpose of the magistrate system is to ease the burden on federal judges.

In *In re Elcona Homes Corp.*, 810 F.2d 136 (7th Cir.1987), the Seventh Circuit held that the district court, even with the consent of the parties, did not have the authority to refer an appeal from a bankruptcy court decision to a magistrate. The court reasoned that if Congress had intended to grant the district courts this power, it would have specifically provided for it, considering the elaborate system for bankruptcy appeals which it established in the Bankruptcy Amendments and Federal Judgeship Act (the Act). The court also noted that one of the purposes of the Act was to strengthen the control of Article III courts over the bankruptcy courts. Allowing district courts to refer bankruptcy appeals for final decision to magistrates, who are Article I judges, would run counter to this purpose. *Id.* at 139–40.

In this case, the district court's order specifically states that the hearing before the magistrate would be advisory and that its purpose was "to further define and focus the issues on appeal." The district court explicitly reserved for itself the final decision on appeal. The district court, therefore, properly availed itself of the magistrate's assistance to hasten its handling of this case. By reserving for itself the final decision of the appeal, it avoided the error of the district court in *Elcona Homes*. We, therefore, must reject the Halls' contention that the district court's referral was improper.

## VII. CONCLUSION

The bankruptcy court properly dismissed this case under § 1112(b)(2). Both it and the district court erred, however, when they held that the dismissal should be with prejudice. We AFFIRM the dismissal of the Halls' Chapter 11 petition, but REMAND for the entry of an order vacating the dismissal with prejudice.