963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re John A. DAHLSTROM and Marylin H. Dahlstrom, Debtors.
David D. BIRD, United States Trustee, First Security
Mortgage Company, First Security Bank of Utah, N.A., First
Interstate Bank of Utah, N.A., Zions First National Bank,
and Deseret Federal Savings & Loan Association, Appellees,
v.
John A. DAHLSTROM and Marylin H. Dahlstrom, Appellants.
 No. 90-4094.
 United States Court of Appeals, Tenth Circuit.
 May 22, 1992.
 
 Before SEYMOUR and SETH, Circuit Judges, and DUMBAULD, District Judge*.
 ORDER AND JUDGMENT**
 SETH, Circuit Judge.
 
 
 1
 Debtors in Bankruptcy, John and Marylin Dahlstrom, appeal the decision of the District Court for the District of Utah to overturn the bankruptcy court's decision not to convert their case from Chapter 11 to Chapter 7.
 
 
 2
 The Chapter 11 case was commenced on April 18, 1986. Debtors-in-possession, John A. and Marylin H. Dahlstrom, filed their First Amended Plan and their Third Amended Disclosure Statement on June 26, 1987. The Dahlstroms' Plan was confirmed by the bankruptcy court.
 
 
 3
 The Plan, as approved, divided the Dahlstroms' unencumbered property into two classes and listed those classes as Exhibits "A" and "B" to the Plan. The property on Exhibit "A" was to be sold within six months of the date the Plan went into effect while the property listed on Exhibit "B" was to be sold by the Debtors' best efforts. The Plan did place a deadline for sale of all the listed property, however. The Plan stated, "if all the property listed on Exhibits A and B have not been sold within twelve months of the effective date, debtors will choose an auctioneer of their choice to auction the property, said auction to be held on all property to be sold no later than fifteen months after the effective date."
 
 
 4
 Fifteen months after the Plan was confirmed, the property listed on Exhibit "B" was still unsold. Almost nineteen months after the Plan was confirmed, the United States Trustee filed a motion to convert the Chapter 11 case to a case under Chapter 7 pursuant to 11 U.S.C. § 1112(b). The bankruptcy court scheduled a hearing on the motion to convert. On the day prior to the hearing Debtors held an auction and sold all of the remaining property listed on Exhibit "B" of the Plan.
 
 
 5
 At the hearing on the motion to convert, the Assistant United States Trustee questioned Mr. Dahlstrom about the whereabouts of several items which were listed on a homeowner's insurance policy dated April 11, 1987 but which were not listed in either Exhibit "A" or "B" of the Plan. Mr. Dahlstrom admitted that he still was in possession of nine oil paintings, insured for $54,000, and a duck stamp collection, insured for $1,800. Mr. Dahlstrom also conceded that Mrs. Dahlstrom owned a one-third interest in a set of silverware which had not been listed in the disclosure statement and which had not been sold.
 
 
 6
 The bankruptcy court denied the motion to convert without any explanation and without findings or conclusions. Appellees appealed to the District Court for the District of Utah. The district court reversed the bankruptcy court and the Debtors then filed this appeal.
 
 
 7
 Appellees argued in the district court that the bankruptcy court erred in not granting their motion to convert under 11 U.S.C. § 1112(b). In reviewing the decision of the bankruptcy court not to convert the case from Chapter 11 to Chapter 7 we accord the bankruptcy court wide discretion. The language of § 1112(b) is discretionary. Section 1112(b) states in pertinent part, "on request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title...." 11 U.S.C. § 1112(b) (emphasis added). Moreover, a look at the legislative history of § 1112(b) shows that Congress intended the bankruptcy court to have wide discretion to grant or deny a motion under § 1112(b). S.Rep. No. 989, 95th Cong., 2d Sess. 117, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5903. See also In Re Koerner, 800 F.2d 1358, 1367 (5th Cir.).
 
 
 8
 "Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."
 
 
 9
 United States v. Ortiz, 804 F.2d 1161, 1164 n. 2 (10th Cir.).
 
 
 10
 Our task, and that of the district court, is to review the decision of the bankruptcy court for abuse of discretion. As mentioned, the bankruptcy court did not make findings of fact or conclusions of law, and without these findings, it is not possible for us to determine the basis for its decision. After reviewing the record and placing reliance on the district court's proceedings, we must agree with the district court that the bankruptcy court's conclusion not to convert must be set aside.
 
 
 11
 As grounds for the motion to convert the United States Trustee asserted that the Debtors' failure to comply with the terms of the confirmed Plan constituted "cause" under § 1112(b). The trustee also argued that the alleged bad faith of the Debtors was sufficient "cause" for conversion under § 1112(b). Additionally, he alleged that cause was shown under subsection (7), inability to effectuate substantial consummation of a confirmed plan, and subsection (8), material default by the debtor with respect to a confirmed plan. On the record before us, we cannot hold that the bankruptcy court abused its discretion in denying the motion to convert.
 
 
 12
 Appellees argue that the existence of bad faith is a reason to convert under § 1112(b). The district court apparently agreed. The list of factors that may establish cause under § 1112(b) is not exhaustive. See Hall v. Vance, 887 F.2d 1041, 1044 (10th Cir.). We also recognize that lack of good faith may constitute "cause" under § 1112(b). See In re Jartran, Inc., 886 F.2d 859, 867 (7th Cir.). We acknowledge the permissive wording of the statute and the statute's legislative history leading to the conclusion that the decision to convert a case to Chapter 7 lies within the sound discretion of the bankruptcy court. But again with no findings or conclusions we cannot determine the basis for the bankruptcy court's conclusion.
 
 
 13
 The Appellees urge that a cause for conversion also exists under § 1112(b)(8). Section 1112(b)(8) states that a case may be converted if there is a "material default by the debtor with respect to a confirmed plan." Appellees argue that the Debtors' late sale of the assets listed on Exhibits "A" and "B" constitutes a material default under the Plan and was a last-minute attempt to conform the day before the conversion hearing.
 
 
 14
 At the hearing on the motion to convert, there were allegations that the Debtors failed to list certain items of personal property in the Plan as described above. At the time of the hearing, the status of some of these items was still in dispute but many were acknowledged by the Debtors. Appellees claimed that the items were required to be listed in the Debtors' Statement of Affairs and Schedules and in the Disclosure Statement. This was the basis for the assertion of bad faith and was apparently relied on by the district court. The Debtors claimed that many of these items had been given to their children as gifts years before the bankruptcy suit. No clear determination had been made as to some of the property in question, but it was clear as to several substantial items.
 
 
 15
 In our view the hearings demonstrated a substantial basis for conversion.
 
 
 16
 Accordingly, the judgment of the District Court for the District of Utah is AFFIRMED.
 
 
 17
 Judge Dumbauld heard the oral argument in this appeal but became ill after the hearing. We appreciated his help and had hoped that he could participate in this opinion. Filing was withheld with that expectation. However, he has been unable to do so. He may wish to file a separate opinion.
 
 
 18
 Since filing this order and judgment, Judge Dumbauld has fully concurred.
 
 
 
 *
 Honorable Edward Dumbauld, United States District Judge for the Western District of Pennsylvania, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3