**In re Craig A. LOGAN, Debtor.**

**Lyle W. BRITT, Plaintiff,**

**v.**

**Craig A. LOGAN, Defendant.**

**Bankruptcy No. 91–11316–7.
Adv. No. 91–5181.**

United States Bankruptcy Court,
D. Kansas.

Sept. 4, 1992.

Julie L. Orr, Wichita, Kan., for debtor/defendant.

Wilbur D. Geeding, Wichita, Kan., for plaintiff.

## MEMORANDUM OF DECISION

JOHN T. FLANNAGAN, Bankruptcy Judge.

This is an adversary proceeding in which the plaintiff seeks nondischargeability for his claim under Bankruptcy Code §§ 523(a)(10) and 727(a)(6)(A) because the debtor's prior bankruptcy petition was dismissed and his discharge denied, ostensibly for failure to obey a lawful order of the Court. The parties have stipulated to the undisputed facts. The Court finds that the plaintiff's claim against the debtor is not excepted from discharge because plaintiff has failed to show that the Court found cause to deny the discharge.

The parties have stipulated that the Court has jurisdiction over the parties and subject matter of the action; that venue in this district is proper; that all necessary and indispensable parties are joined; and that the Court may try this adversary proceeding to final judgment.

The Court finds independently of the stipulation that this adversary proceeding is core under 28 U.S.C. 157 and that the Court has jurisdiction under 28 U.S.C. 1334 and the general reference order of the District Court effective July 10, 1984.

## FINDINGS OF FACT

On July 5, 1989, the debtor, Craig A. Logan, filed a petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Kansas. The proceeding was assigned Case No. 89–11666.

Debtor listed the plaintiff, Lyle W. Britt, as an unsecured creditor on his schedules and on August 4, 1989, plaintiff, by his attorney, Wilbur D. Geeding, filed a proof of claim for $6,424.97 in Case No. 89–11666.[1]

The order for relief entered in Case No. 89–11666 on July 14, 1989, set debtor's § 341 meeting for 9:00 a.m. on August 14, 1989. This order recites:

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

A meeting of creditors pursuant to 11 U.S.C. Section 341(a) shall be held at the time and place specified in Section A above [August 14, 1989, at 9:00 a.m.] at which time creditors may attend, examine the debtor and elect a trustee as permitted by law. The meeting may be continued or adjourned by notice at the meeting without further written notice to creditors.

The debtor ... and attorney for debtor(s) shall appear at the Section 341(a) meeting....

Failure of the debtor or debtor's attorney to appear at the Section 341(a) meeting or to timely file schedules and statement of affairs may result in dismissal or other appropriate relief without further notice or hearing.

When debtor failed to appear at the August 14, 1989, Section 341(a) meeting, Karla G. Schumacher, Paralegal Specialist with United States Trustee's Office, wrote the following letter to debtor's counsel with a copy to the debtor. Ms. Schumacher's letter appears in the official court file stamped by the Clerk as filed August 18, 1989.

---

August 16, 1989

RONALD J SICKMANN
Attorney at Law
730 NO. MAIN, SUITE 5
WICHITA KS 672030000

      Re:   LOGAN, CRAIG ALLEN
           Case No. 89–11666

Dear Counsel:

A continuance was granted at the Section 341 meeting for the above-captioned case. Please note the new date for the continued Section 341 meeting.
8–29–89 at 16:00 (MILITARY TIME) at ECCO PLAZA, 604 No. Main, Suite B, Wichita, Kansas.
Please make note of this new time and plan to be present. If you have any questions, please contact this office.

                    Sincerely yours,
                    CAROL PARK WOOD
                    United States Trustee

                    /s/Karla G. Schumacher
                    Karla G. Schumacher
                    Paralegal Specialist

KGS
cc:      Bankruptcy Clerk's Office
        Trustee

        LOGAN, CRAIG ALLEN
        777 Silversprings # 1115
        Wichita KS 67213000

---

**1.** Plaintiff is an attorney at law. Attachments to his pleadings show that his claim against the debtor has been reduced to judgment in the District Court of Sedgwick County, Kansas.

The debtor failed to appear at the second § 341 meeting on August 29, 1989.

On September 11, 1989, the trustee in Case No. 89–11666 filed and served a "Notice and Application to Dismiss Bankruptcy And to Deny Discharge of Debtor." The Notice requested that the case be dismissed and stated:

### NOTICE AND APPLICATION TO DISMISS BANKRUPTCY AND TO DENY DISCHARGE OF DEBTOR

1. Notice is hereby given by the Trustee of his application to dismiss the bankruptcy and deny discharge to the above-captioned Debtor.

2. The Trustee states that the Debtor filed a voluntary petition in bankruptcy on July 5, 1989.

3. The Debtor did not appear at his second scheduled § 341 hearing on August 14, 1989.

4. Objections to the dismissal of the bankruptcy and denial of discharge to the Debtor shall be made in writing to the Clerk of the United States Bankruptcy Court, Room 167, 401 North Market, Wichita, Kansas 67202 on or before 4:30 p.m. on October 6, 1989. Copies of any objections must be served on the Trustee at his office, Suite 1600, 301 North Main, Wichita, Kansas 67202. If no objections are made to this Application, the Court may enter an order dismissing the bankruptcy and denying discharge to the Debtor without further notice.

5. If objections are filed by the date set out above, a hearing will be held at 9:00 a.m., October 19, 1989 before the United States Bankruptcy Court, Room 150, United States Courthouse, 401 North Market, Wichita, Kansas.

The Certificate of Service on the document shows that the trustee, J. Michael Morris, mailed the Notice and Application to Dismiss Bankruptcy And to Deny Discharge of Debtor to all parties listed on an attached matrix. The matrix included the names and addresses of the debtor's Chapter 7 attorney, Ronald J. Sickmann, but did not include the name of the debtor. Debtor did not respond to the trustee's application.

Paragraph 3 of the debtor's answer to plaintiff's complaint states: "3. That Craig A. Logan informed his attorney that he did not wish to proceed with the matter and did not appear for his 341 meeting."

On December 13, 1989, The Honorable John K. Pearson, United States Bankruptcy Judge sitting at Wichita, Kansas, sustained the trustee's application and signed an "Order to Dismiss Bankruptcy Proceeding and to Deny Discharge of Debtor" in Case No. 89–11666. The Order provided:

### ORDER TO DISMISS BANKRUPTCY PROCEEDING AND TO DENY DISCHARGE OF DEBTOR

NOW, on this 13th day of December, 1989, the application by the Trustee to dismiss bankruptcy and to deny discharge of Debtor comes on for hearing. The Trustee appears by and through J. Michael Morris of Klenda, Mitchell, Austerman & Zuercher. Thereupon, the Court FINDS:

1. On September 11, 1989, the Trustee forwarded to all parties in interest a notice of application to dismiss bankruptcy and to deny discharge of Debtor.

2. No objections to the application to dismiss bankruptcy and to deny discharge of Debtor were filed.

3. The bankruptcy proceeding of Craig Allen Logan is dismissed and discharge of the Debtor is denied.

IT IS SO ORDERED.

Debtor did not move to alter or amend the order nor did he appeal.

On April 19, 1991, the debtor filed the instant Chapter 7 bankruptcy, Case No. 91–11316, and listed plaintiff as a unsecured claim holder in an estimated amount of $7,000.00.

On July 19, 1991, the plaintiff filed his complaint to determine dischargeability of debt in this Case No. 91–11316.

The parties have stipulated to the following facts in the Final Pretrial Conference Order filed February 4, 1992:

### 6. STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States Bankruptcy Court for the District of Kansas has jurisdiction of the parties hereto and the subject matter hereof and may try the adversary proceeding to final judgment; that all proper, necessary and indispensable parties are parties hereto, and to the following facts:

A. That the debtor filed a Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Kansas on July 5, 1989 and said proceeding was assigned Case No. 89–11666.

B. That in Case No. 89–11666, the plaintiff was properly scheduled and listed, did receive a notice pertaining to said proceeding and did file his claim therein by and through his attorney, Wilbur D. Geeding.

C. That in Case No. 89–11666, the debtor was to appear at the scheduled 341 meetings and failed to appear at either the first or the second scheduled 341 meeting as is evidenced by the "Notice and Application to Dismiss Bankruptcy and to Deny Discharge of Debtor" filed in said case.

D. That on September 11, 1989 in said case No. 89–11666 the trustee filed and served by mail to all necessary parties a "Notice and Application to Dismiss Bankruptcy And to Deny Discharge of Debtor;" that said "Notice and Application to Dismiss Bankruptcy And to Deny Discharge of Debtor" is wholly based upon the debtor's failure to appear at the scheduled 341 hearings.

E. That on or about December 13, 1989 the Honorable John K. Pearson, United States Bankruptcy Judge, in said case No. 89–11666 sustained and entered an "Order to Dismiss Bankruptcy Proceeding and to Deny Discharge of Debtor."

F. That on April 19, 1991, the debtor filed Chapter 7 Bankruptcy and plaintiff was listed on said bankruptcy as a creditor. Case No. 91–11316.

G. The parties further stipulate and agree that nothing has been filed in said case No. 89–11666 requesting modification or vacation of the Order of the Honorable John K. Pearson, Judge of the United States Bankruptcy Court dated December 13, 1989.

The following additional stipulation is contained in the Motion and Order Submitting to Stipulated Facts and Proposed Briefing Schedule filed February 4, 1992:

H. The parties also stipulate and agree that various documents listed as Exhibit "A", items 1–5 should be considered by the Court and the parties stipulate to their admittance and use by the Court in deciding this Adversary proceeding.

The documents referenced as Exhibit "A", items 1–5, in this additional stipulation are attached to the Motion and Order Submitting to Stipulated Facts and Proposed Briefing Schedule.

### CONCLUSIONS OF LAW

Plaintiff points to § 523(a)(10) of the Code, and its reference to § 727(a)(6), to support his position that this Court's order dismissing the debtor's prior Case No. 89–11666 operates to except plaintiff's claim from discharge in this case.

Section 523(a)(10) provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

... (10) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a) ... (6) of this title....

Section 727(a)(6)(A) states:

(a) The court shall grant the debtor a discharge unless—

... (6) the debtor has refused, in the case—(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify....

Plaintiff suggests that discharge in the present case cannot discharge his claim because in the prior case the debtor refused "to obey any lawful order of the court, other than an order to respond to a material question or to testify," namely the directives to appear at two scheduled § 341 meetings.

Perhaps the first inquiry should be whether § 727(a)(6) applies to the past case at all in this context. The words "in the case" could mean that the debtor must have refused to obey a lawful order in the present case, not in a past case, before § 727(a)(6) can be held to apply through § 523(a)(10).

Another question is whether the words "other than ... to testify" mean that § 727(a)(6)(A) does not apply here. If the order for relief was an order "to testify," the clear language of the statute excludes it from the class of lawful orders the debtor must obey to obtain a discharge.

Disregarding these questions, the plaintiff suggests that the debtor refused to obey a lawful order of the Court because paragraph 3 of Judge Pearson's order of December 14, 1989, denied a discharge. The order reads: "3. The bankruptcy proceeding of Craig Allen Logan is dismissed and *discharge of the Debtor is denied.*" (Emphasis added.)

Code § 349 entitled, "Effect of dismissal," treats such an order.[2] It provides:

(a) *Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed;* nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(f) of this title.

(Emphasis added.)

Apparently, the plaintiff equates the December 14, 1989, order dismissing the bankruptcy and denying the debtor a discharge with an order finding "cause" to deny debtor's discharge in the prior case. But, it is clear that Judge Pearson's December 14, 1989, order does not specify any cause for denying discharge. It simply says, "... discharge of Debtor is denied." Nevertheless, by referring to the application for the order, we can deduce that if cause existed, it could only have been that the debtor failed to attend the § 341 meetings.

While the trustee no doubt wished to have the case dismissed for the debtor's failure to attend the 341 meetings, there is nothing to indicate why he would be interested in denying the debtor's discharge. Normally, he would have no such motivation.

The record shows that the debtor was not personally served with the "Notice and Application to Dismiss Bankruptcy and to Deny Discharge of Debtor," except through notice to his attorney. According to the debtor's brief, he informed his attorney that he did not wish to proceed with the case.

The Notice and Application stated that if no objection was filed in writing by 4:30 p.m. on October 6, 1989, the Court "may enter an Order dismissing the bankruptcy and denying discharge to the Debtor with further notice." Under the motions practice procedure used in Wichita, the Notice and Application would come before Judge Pearson at a regular monthly motions docket. The trustee would announce that no written objections had been filed and, unless someone stood to orally protest the Notice and Application, in the usual course the Court would direct the trustee to pre-

---

**2.** The Court of Appeals for this circuit sets the tone for this statute in *Hall v. Vance,* 887 F.2d 1041 (10th Cir.1989), where the court found that the decision to dismiss the case with prejudice was in error.

pare a journal entry sustaining the dismissal. If the Court had taken up the question of cause for denial of discharge, the record would reflect the Court's findings. Yet, no such findings have been detailed within the four corners of the dismissal order, nor has a transcript of the Court's remarks showing such findings of cause been offered. For all that has been shown, the trustee may have added the denial of discharge language to the journal entry without the Court ever having made such a specific finding of cause to support the denial.

Karla G. Schumacher's letter shows that the second § 341 meeting was scheduled for August 29, 1989. The trustee's Notice and Application, while correctly stating that the debtor did not appear at his second scheduled § 341 hearing, incorrectly stated that the date of the second § 341 hearing was August 14, 1989.

The fact that the notice of continuance of the § 341 meeting was given in a letter written by an agent of the United States Trustee calls into question whether the debtor was being ordered by the Court to appear. Section 341 meetings are administrative procedures controlled by the United States Trustee's office, not the Court. True, the order for relief commands the debtor and his attorney to appear at such a hearing or a continuance thereof. However, an argument can be made that such a directive is included in the order for relief as a matter of administrative convenience in aid of the United States Trustee, under whose authority § 341 meetings are administered.

In light of the foregoing statutory ambiguities and procedural irregularities, the Court cannot find that the dismissal order contains sufficient detail to warrant denial of discharge for cause. In the absence of any showing that the Court ruled definitively on the numerous issues presented by the fact pattern, the plaintiff's claim that debtor's discharge was deliberatively denied must be overruled.

The foregoing discussion shall constitute findings of fact and conclusions of law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.