**In re SUNSHINE PRECIOUS METALS, INC., Debtor.**

**Bankruptcy No. 92–00749–11.**

United States Bankruptcy Court, D. Idaho.

May 21, 1992.

John S. Simko and Jed W. Manwaring, Evans, Keane, Koontz, Boyd, Simko & Ripley, Boise, Idaho, for debtor.

Henry W. Simon, Jr., and Mark J. Petrocchi, Simon, Anisman, Doby, Wilson & Skillern, Fort Worth, Tex., and Terry L. Myers, Givens, Pursley, Webb & Huntley, Boise, Idaho, for Creditors Committee.

Tracy A. Goad, Mayer, Brown & Platt, Chicago, Ill., for Continental Bank Nat. Ass'n.

Gary McClendon, Staff Atty., Office of the U.S. Trustee, Boise, Idaho, for U.S. Trustee.

John Kurtz, Hawley, Troxell, Ennis & Hawley, Boise, Idaho, for West One Bank.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

At a hearing held May 14, 1992, argument and evidence were presented on the adequacy of the debtor-in-possession's proposed disclosure statement and on the motion of the Unsecured Creditors Committee to discontinue consideration of the debtor's prepackage chapter 11 plan. The motion of the Unsecured Creditors Committee to retain the firm of Price Waterhouse as accountants and consultants was also submitted for decision.

### I.

### ADEQUACY OF DISCLOSURE AND THE MOTION TO DISCONTINUE

The issues raised by the Committee's objection to the debtor's disclosure statement and the Committee's motion to dismiss the prepackaged plan process are interrelated and thus will be consolidated for decision, as they have been for argument.

The debtor's proposed plan is termed a "prepackaged" plan because of the feature of pre-filing solicitation of acceptances. This type of plan, or rather, this form of procedure used to obtain confirmation of a chapter 11 plan, is sometimes referred to as a "presolicitated" plan. The distinguishing feature deals mainly with procedure, rather than substance. The Committee's motion attacks the debtor's procedure concerning disclosure, and its objection contests the substance of the pre-confirmation disclosure and solicitation process.

The main issue raised by the Committee is the contention the debtor has not complied with the provisions of 11 U.S.C. § 1126(b) [1] which require pre-filing solicitation of acceptances to comply with any applicable nonbankruptcy law dealing with adequacy of disclosure. The Committee contends the debtor did not comply with applicable State of California requirements for solicitations of holders of silver index bonds.

The debtor acknowledges it did not receive permission from the appropriate agencies of the State of California to solicit acceptance of the exchange offers and consequently the debtor did not solicit the acceptances, but intends to do so through its chapter 11 disclosure and plan acceptance process. The debtor is not seeking to rely, under the provisions of Section 1126, on the validity of the pre-filing solicitation of acceptances for bondholders in the State of California. Instead, the debtor intends to comply with solicitation requirements for the residents of the State of California under the adequate disclosure requirements of 11 U.S.C. § 1125(a). At least at this stage of the proceeding the debtor is not offering acceptances which were solicited prior to the chapter 11 filing, and it has not been shown how the pre-petition solicitation would preclude confirmation of the proposed plan.

---

1. 11 U.S.C. § 1126(b) provides:

    For purposes of subsections (c) and (d) of this section, a holder of a claim or interest that has accepted or rejected the plan before the commencement of the case under this title is deemed to have accepted or rejected such plan, as the case may be, if—

      (1) the solicitation of such acceptance or rejection was in compliance with any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation; or

      (2) if there is not any such law, rule, or regulation, such acceptance or rejection was solicited after disclosure to such holder of adequate information, as defined in section 1125(a) of this title.

■ The Committee further alleges the debtor has not complied with the provisions of F.R.B.P. 3018. Subsection (b) of the rule is pertinent, since the debtor obviously intends to offer acceptances obtained before the filing of its chapter 11 petition. This section states:

(b) **Acceptance or Rejections Obtained Before Petition.** An equity security holder or creditor whose claim is based on a security of record who accepted or rejected the plan before the commencement of the case shall not be deemed to have accepted or rejected the plan pursuant to § 1126(b) of the Code unless the equity security holder or creditor was the holder of record of the security on the date specified in the solicitation of such acceptance or rejection for the purposes of such solicitation. A holder of a claim or interest who has accepted or rejected a plan before the commencement of the case under the Code shall not be deemed to have accepted or rejected the plan if the court finds after notice and hearing that the plan was not transmitted to substantially all creditors and equity security holders of the same class, that an unreasonably short time was prescribed for such creditors and equity security holders to accept or reject the plan, or that the solicitation was not in compliance with § 1126(b) of the Code.

No violation of this rule has been shown on the part of the debtor at this stage of the proceeding. The requirements of F.R.B.P. 3018(b) concerning the holder of record status and concerning the timeliness of the solicitation to "... substantially all creditors and equity security holders of the same class ..." are confirmation issues.

■ The Committee contends the debtor cannot "bifurcate" its acceptance process, arguing there is no statute, rule or applicable precedent which would allow such procedure. The provisions of § 1126 do not specifically prohibit such procedure and the statute language would indicate no prohibition of combining pre-filing and post-filing solicitation.

■ The Committee further contends the debtor's proposed classification of the various bond issues into one class is improper, and the proposed plan is not feasible. These are also confirmation issues, and the record at present does not justify the conclusion the proposed chapter 11 plan is not confirmable on these grounds as a matter of law.

The debtor's disclosure documents are:

1. The prospectus and solicitation of the prepackaged bankruptcy plan acceptances which is the same document as the prospectus distributed concerning the pre-filing solicitations;

2. Supplement to that document dated February 12, 1992; and

3. A proposed supplement to be distributed on approval of the entire disclosure statement.

■ The Committee further objects specifically to the adequacy of the disclosure in the following particulars: failure to disclose the amount and extent of the loans from Sunshine to the debtor; failure to disclose alternate plans if the debtor's plan is not confirmed; failure to disclose adequate information concerning the 1988 reorganization; failure to disclose substantial litigation, and failure to disclose or furnish adequate financial statements. After a review of the foregoing disclosure statement documents, it is found the debtor's burden of showing adequate disclosure over the objection particulars has been met. The debtor, through the testimony of John S. Simko and the exhibits, has made a prima facie case to support a finding the proposed disclosure statement provides "adequate information".[2] While the debtor is a substantial business debtor, it is found it has met its obligation by complying with applicable nonbankruptcy law in addition to supplying data which complies with Section 1125(a).[3] However, the proposed modifica-

---

**2.** 11 U.S.C. § 1125(a)(1) defines adequate information as information "... that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan ...".

**3.** *C.f. Hall v. Vance,* 887 F.2d 1041 (10th Cir. 1989).

tion to the supplement to the disclosure statement proposed to be sent at the time of approval of disclosure should be modified to delete the provisions detailing the position of the Committee concerning the motion to terminate the prepackaged plan and the Committee objections to disclosure as these issues are moot after this decision.

## II.

### *APPOINTMENT OF ACCOUNTANT FOR THE COMMITTEE*

■ Counsel for the Unsecured Creditors Committee has filed an application for the appointment of the accounting firm of Price Waterhouse as accountants for the Committee. The application is made in conformity with the provisions of F.R.B.P. 2014.

The debtor-in-possession objects to the appointment contending the appointment is unnecessary and would result in prohibitive and exorbitant costs to the debtor. The debtor further claims Price Waterhouse is not a disinterested party. This latter objection is based on an individual relationship which would not cause Price Waterhouse to be a disinterested party.

The application seeks the appointment in order to carry out a broad and expansive investigation into the affairs of the debtor, much more detailed and involved than the usual advice to the Committee during the course of the debtor's plan.[4] The application provides for a "... forensic review of current and historical intercompany transactions between Sunshine Mining Company ("Sunshine"), Sunshine's Subsidiaries ("Affiliates") and Sunshine Precious Metals, Inc. (the debtor) ..." as well as "... a financial and operational analysis of the mining operations of the Debtor." As such, the defined duties are overly broad since the record does not support the necessity of such work and its attendant expense. While there may be allegations in the record of improper intra-corporate dealings, such allegations do not warrant a full scale audit into these dealings and into a cost analysis of the mining operations of the debtor. If the Committee has difficulty obtaining financial information from the debtor, application can be made to the Court for disclosure and production of the debtor's records.

■ Of further note is the fact the application, while it may comply with the provisions of F.R.B.P. 2014, does not comply with the provisions of Section 1103(a).[5] The application does not come from the Committee at a scheduled meeting, at which a majority of the members are present.[6] The application in its present form will be denied.

A separate order will be entered in accordance with this memorandum of decision which shall constitute findings of fact and conclusions of law on the involved issues.

---

4. In one of the few reported cases on the subject, the bankruptcy court in *In re Saxon Industries, Inc.,* 29 B.R. 320 (Bankr.S.D.N.Y.1983) allowed an appointment of an accountant to (1) assist the Equity Committee in its analysis and review of financial information submitted to it by various other accountants employed in the case; (2) provide consultation on the effect of alternate accounting and tax practices and theories; and (3) perform other such services as may be required in the interests of the equity security holders of the debtor.

5. 11 U.S.C. § 1103(a) provides:

At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services of such committee.

6. *See,* 5 Bkr–L Ed § 41.19.