**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re: MICHAEL BARTON MYERS,
formerly doing business as Meyers &
Meyers, LLC,

Debtor.

CHERYL D. MYERS,

Appellant,

v.

MICHAEL BARTON MYERS;
UNITED STATES TRUSTEE,

Appellees.

No. 05-3254
(BAP No. KS-04-054)
(BAP)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McKAY**, and **BRORBY**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case represents yet another chapter in the contentious divorce proceedings between appellant Cheryl D. Myers (Ms. Myers) and her now-former husband Michael Barton Myers (debtor). The case is in federal court because debtor filed for Chapter 11 relief during the pendency of the divorce proceedings. After the bankruptcy case had been pending for approximately three years, the United States Trustee moved to dismiss the petition. Over Ms. Myers's objection,[1] the bankruptcy court granted the Trustee's motion to dismiss, and that decision was affirmed by this court's Bankruptcy Appellate Panel (BAP). Ms. Myers appeals the BAP's decision. Our jurisdiction arises under 28 U.S.C. § 1291 and 28 U.S.C. § 158(d). "On appeal from BAP decisions, we independently review the bankruptcy court's decision. We review the bankruptcy court's legal determinations *de novo* and its factual findings under the clearly erroneous standard," *In re Commercial Fin. Servs., Inc.*, 427 F.3d 804, 810 (10th Cir. 2005) (quotations, citations, and brackets omitted), bearing in mind the bankruptcy court's broad discretion under 11 U.S.C. § 1112(b), *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989). After applying this standard, we affirm.

From a reading of the BAP opinion, it appears Ms. Myers argued that the bankruptcy court erred in dismissing debtor's case and that the dismissal was

---

[1]     Ms. Myers originally supported the motion to dismiss, Aplt. App., Vol. I at 107, but later changed her position during oral argument on the motion, *see id.* Vol. II at 344-45.

particularly egregious because she had several motions pending at the time.[2]  The

BAP affirmed the dismissal of debtor's case, concluding that the bankruptcy court

was well within its discretion to dismiss where debtor had failed to file monthly

reports as required by Rule 2015(a)(3) of the Federal Rules of Bankruptcy

Procedure, failed to propose a plan of reorganization, *see* 11 U.S.C. § 1121, and

failed to pay the statutory fees to the United States Trustee, *see* 28 U.S.C.

§ 1930(a)(6).  With regard to Ms. Myers's outstanding motions, the BAP

concluded that the motion to disqualify Judge Pusateri was moot because he had

retired by the time she made her motion, that no motion to recuse Judge Somers

was ever presented to the bankruptcy court, and that the other pending motions

were extinguished when the case was dismissed and were therefore also moot.

The major issue in this case is whether the bankruptcy court erred in

dismissing debtor's Chapter 11 petition.  The main basis for the bankruptcy

court's dismissal was debtor's failure to file the reports and summaries required

of a debtor-in-possession by Bankruptcy Rule 2015(a)(3) and 11 U.S.C.

§ 704(a)(8).  There is no dispute that, at various times during the pendency of the

---

[2]     Ms. Myers's brief on appeal raises a myriad of tangential issues but fails to indicate to this court where those issues were raised to the bankruptcy court or to the BAP, in contravention of 10th Cir. R. 28.2(C)(2).  Issues not raised and ruled on below will generally not be considered on appeal. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).  Ms. Myers's brief to the BAP is not included in her appendix.  We decline to address issues not obviously raised below.

bankruptcy proceeding, debtor had failed to make the required monthly filings, failed to pay Trustee fees, and never came forward with a plan of reorganization. Among the reasons listed in 11 U.S.C. § 1112(b) (2002) as bases for dismissal of a bankruptcy petition are "unreasonable delay by the debtor that is prejudicial to creditors," § 1112(b)(3), "failure to propose a plan . . . within any time fixed by the court," § 1112(b)(4), and "nonpayment of any [enumerated] fees or charges," § 1112(b)(10). We have reviewed this matter under the standard stated above and, finding the presence of several statutory grounds for dismissal, affirm for substantially the reasons stated by the BAP and the bankruptcy court.

We also agree with the bankruptcy court that the motion to disqualify Judge Pusateri was moot due to his retirement from the case several months before the motion was filed. Further, Ms. Myers's theory that Judge Pusateri is related to the debtor is pure speculation, unsupported by any facts or evidence. To the extent Ms. Myers argues that both Judge Pusateri and Judge Somers, the judge who granted the motion to dismiss, should have "self-recused," we note that the relevant standard under 28 U.S.C. § 455(a) requires recusal where a judge's "impartiality might reasonably be questioned." None of the conjecture and speculation offered by Ms. Myers would lead a reasonable person to question the impartiality of either judge. *See United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (noting that "[r]ecusal is necessary when a judge's actions or comments 'reveal such a high degree of favoritism or antagonism as to make

-4-

fair judgment impossible'" (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

As for Ms. Myers's motions pending in the bankruptcy court at the time of the dismissal but unadjudicated, the BAP correctly ruled that the motions were extinguished when the petition was dismissed. *See In re Shar*, 253 B.R. 621, 637 n.11 (Bankr. D.N.J. 1999).[3]

All outstanding motions filed in this court from either party are DENIED. The judgment of the BAP is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[3] We note that, in the course of his oral ruling, the bankruptcy judge effectively denied Ms. Myers's motion regarding the previously-ordered relief from stay in favor of Centralia Bank, her motion to set aside the previously-ordered relief from stay granted in her favor, and her motion to investigate debtor. Aplt. Br., Ex. J at 11-12. Those rulings were incorporated in the court's later written judgment. *Id.* Ex. I at 2.