**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID DERRINGER,

        Plaintiff-Appellant,

v.

MICK CHAPEL; JENNIFER
CHAPEL; JOSEPH E. MANGES,

        Defendants-Appellees.

No. 07-2219
(D.C. No. 2:06-cv-00855-RB-RLP)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **PORFILIO**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

Plaintiff-appellant David Derringer is the debtor in this Chapter 13

bankruptcy case. Derringer is appealing the order entered by the bankruptcy

court awarding him damages under 11 U.S.C. § 362(h) for a violation of the

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

automatic stay.[1]  Exercising jurisdiction under 11 U.S.C. § 158(d)(1), and applying this court's "firm waiver rule" regarding a failure to object to a magistrate judge's recommended disposition, we dismiss this appeal.

## I. Background.

In an order entered on September 1, 2006, the bankruptcy court found that Mick Chapel, Jennifer Chapel, and their attorney, Joseph Manges, willfully violated the automatic stay when, after obtaining relief from the stay, they sent Derringer "a Notice of Foreclosure Sale for filing in [New Mexico] state court proceeding number CV-02-19 prior to the expiration of the ten-day period contained in [Fed. R. Bankr. P.] 4001(a)(3)."  R., Bankr. Case No. 13-04-17330, Doc. 354 at 1.  Based on the evidence presented at a prior hearing held on August 16, 2006, the bankruptcy court therefore awarded actual damages in the amount of $153.00 in favor of Derringer and against Mick Chapel, Jennifer Chapel, and Joseph Manges, jointly and severally, and punitive damages in the amount of $750.00 in favor of Derringer and against Manges.[2]  Derringer filed an appeal

---

[1]    The pertinent sub-section of § 362 is now codified in sub-section (k)(1), but this change has no effect on this appeal.

[2]    The August 16, 2006, hearing was held following a remand from the United States Bankruptcy Appellate Panel of the Tenth Circuit (BAP) in a prior appeal. In the prior appeal, the BAP determined that the bankruptcy court's initial award of damages in favor of Derringer for the Chapels' and Manges' violation of the automatic stay was not supported by evidence in the record.  *See* BAP Appeal Nos. NM-05-077 and NM-05-097, Order and Judgment filed November 21, 2005 at 2, 8-9.

challenging this damages award in the United States District Court for the District of New Mexico, arguing primarily that the award of punitive damages was insufficient.[3]  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this court's decision in *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), the district court referred Derringer's appeal to a magistrate judge.  *See* R., Dist. Ct. Case No. 06-855, Doc. 3.  The district court's "Order of Reference Regarding Bankruptcy Appeals" informed the parties as follows:

> [T]he above-captioned bankruptcy appeal [is] referred to [a] United States Magistrate Judge . . . to recommend to the Court an ultimate disposition of the case.  The United States Magistrate Judge shall submit his analysis, including findings of fact, if necessary, and recommended disposition, to the United States District Judge assigned to the case, with copies provided to the parties.  The parties shall be given the opportunity to object to the proposed findings, analysis and disposition as described in 28 U.S.C. § 636(b)(1)(C).  Objections shall be filed within ten days of the entry of the proposed disposition.

*Id.*

On May 7, 2007, the magistrate judge entered a report and recommendation, recommending that the district court affirm the bankruptcy court's damages award.  The report and recommendation specifically informed the parties of the following:

---

[3]    In a related appeal filed by the Chapels and Manges in the BAP, the BAP affirmed the bankruptcy court's finding that the Chapels and Manges violated the automatic stay.  *See* BAP Appeal No. NM-07-002, Opinion filed September 24, 2007 at 14.

Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

*Id.*, Doc. 26 at 1 n.1.

On May 18, 2007, the Chapels and Manges filed timely objections to the magistrate judge's report and recommendation. Subsequently, on May 21, 2007, Derringer filed his "Response In Opposition to Chapels' and Manges' Objections to Magistrate Judge's Report and Recommendation" (Response). *Id.*, Doc. 29. In his Response, Derringer did not object to the amount of actual or punitive damages that the bankruptcy court had awarded him for the Chapels' and Manges' violation of the automatic stay. Instead, he complained only that the Chapels and Manges were improperly attempting in their objections to relitigate the question of whether they had violated the automatic stay. *Id.* at 1-2.

On June 29, 2007, the district court entered an order and judgment adopting the magistrate judge's report and recommendation and affirming the bankruptcy court's damages award. In doing so, the district court stated that it had "considered the objections filed in response to the [magistrate judge's report and recommendation] and . . . made a *de novo* determination of those portions . . . objected to . . . ." *Id.*, Doc. 30 at 1.

On July 3, 2007, Derringer filed a motion to alter or amend the district court's order and judgment under Fed. R. Civ. P. 59(e). On July 31, 2007, after the Chapels and Manges filed a response to the motion, the district court denied Derringer's Rule 59(e) motion, concluding as follows:

> Appellees timely filed their objections [to the magistrate judge's report and recommendation] on May 18, 2007 . . . . On May 21, 2007 Derringer filed a document entitled "Appellant's Response in Opposition to Chapels' and Manges' Objections to Magistrate Judge's Report and Recommendation["] . . . . Derringer objected to the Appellees[] trying to appeal the Bankruptcy Court's earlier finding that they violated the automatic stay. He also indicated that Rule 11 sanctions should be imposed for the improper objections. He did not, however, object to the Report and Recommendation. The Court entered its final Order adopting the Magistrate Judge's recommendations and affirming the Bankruptcy Court's findings. . . .
>
> Derringer now seeks "reconsideration" of the Order, pursuant to Fed. R. Civ. P. 59. The Court finds that Derringer's failure to object to the Report and Recommendation waives any appellate rights he may have had. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). As shown previously, footnote one of the Report and Recommendation specifically advised all parties that the failure to timely object waives any appellate rights.

*Id.*, Doc. 33 at 1-2.

## II. Analysis

In this appeal, Derringer argues that the bankruptcy court awarded him insufficient punitive damages for the Chapels' and Manges' violation of the automatic stay. We do not need to decide this issue, however, because we agree with the district court that Derringer waived his right to appeal the award of punitive damages by failing to file an objection to the magistrate judge's report

and recommendation.  Simply put, Derringer never challenged the magistrate judge's recommendation that the bankruptcy court's award of $750.00 in punitive damages be affirmed by the district court, and that failure is fatal to this appeal.

To begin with, as in *Hall v. Vance*, 887 F.2d 1041, 1045-46 (10th Cir. 1989), the district court properly availed itself of the magistrate judge's assistance when it referred the district court appeal to the magistrate judge for a recommended disposition, "reserving for itself the final decision of the appeal," *id.* at 1046.  But instead of referring the appeal to the district court pursuant to 28 U.S.C. § 636(b)(1)(B), *see* R., Dist. Ct. Case No. 06-855, Doc. 3, the district court should have made the reference pursuant to § 636(b)(3), *see Hall*, 887 F.2d at 1045-46 (holding that district court properly referred bankruptcy appeal to magistrate judge for recommended disposition, and noting that, "[w]here the district court is not specifically empowered to refer a case, it may do so under the general provision of 28 U.S.C. § 636(b)(3) which allows the district court to assign to a magistrate 'such additional duties as are not inconsistent with the Constitution and laws of the United States.'").

Next, we have unequivocally held that this court's "firm waiver rule" applies in bankruptcy appeals that have been referred by a district court to a magistrate judge for a recommended disposition. *See Carpenter v. Williams (In re Carpenter)*, 205 F.3d 1249, 1253 (10th Cir. 2000).  As a result, a bankruptcy litigant cannot "simply ignore a magistrate's report and recommendation and

then, on appeal, contest matters that the district court regarded as unchallenged." *Id.*

Under this court's firm waiver rule, "a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005); *see also* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in [a magistrate's] order not timely objected to."). Further, we have recognized only three exceptions to the firm waiver rule: (1) when a pro se litigant was not notified of the time period for filing an objection and the consequences of failing to object; (2) when the interests of justice warrant; or (3) when the party that failed to object makes a showing of plain error. *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006). Here, Derringer was specifically notified of the time period for filing objections and the consequences of failing to do so, and he nonetheless failed to file an objection to the magistrate judge's recommendation regarding the bankruptcy court's award of punitive damages. In addition, given the multiple levels of review that the award of punitive damages has been subjected to, as well as the fact that Derringer did not suffer any significant harm as a result of the premature mailing of the notice

of the state foreclosure action,[4] we see no injustice in applying the firm waiver

rule.  Derringer has also failed to establish plain error.

This appeal is DISMISSED.

Entered for the Court

John C. Porfilio
Circuit Judge

---

[4]     Although we do not condone the Chapels' and Manges' conduct in
violating the automatic stay, we note that Derringer suffered only nominal
injuries as a result of the stay violation:  (1) he incurred travel expenses in the
amount of $135.00 to travel to a law library to do legal research concerning the
stay violation; and (2) he incurred expenses in the amount of $18.00 for paper,
ink, and mailing costs.  Despite Derringer's protestations to the contrary, we also
note that the stay violation had nothing to do with any adverse consequences that
subsequently arose from the state-court foreclosure action.