43 F.3d 1482
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Babara Elizabeth DORR; Stephen Harold Pecha, Appellants,
v.
SMITH KELLER & ASSOCIATES; Don W. Riske, Appellees.
 No. 94-8025.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1994.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and SAM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Appellants Barbara Elizabeth Dorr and Stephen Harold Pecha appeal the district court's affirmance of the bankruptcy court's ruling that Smith, Keller & Associates (SK & A) and Don W. Riske did not violate Dorr and Pecha's discharges by naming them as defendants in a suit to recover property that was allegedly fraudulently conveyed to the corporation of Dorr, Bentley & Pecha, P.C. Because there was no clear error in finding that Dorr and Pecha's shareholder statuses arose post-petition, we affirm.
 
 
 4
 This case represents only a small piece in a string of lawsuits stemming from the dissolution of Dorr, Keller, Bentley & Pecha (DKBP). An excellent discussion of the facts may be found in Smith, Keller & Associates v. Dorr & Associates, 875 P.2d 1258 (Wyo.1994). For our purposes, only a few facts are important.
 
 
 5
 In 1988, the partnerships of SK & A and Dorr & Associates (D & A) formed DKBP, an accounting partnership. Sixteen months later, SK & A sought dissolution of DKBP. As required by the partnership agreement, SK & A instituted arbitration to determine the rights and liabilities of DKBP's partners, obtaining an award against D & A in the amount of $105,163.78. Eight days before the award issued, the partners of D & A, consisting of Dorr, Pecha, Dorr's husband (Mark A. Dorr), and Steven Bentley, formed a limited liability company and purportedly transferred DKBP's assets to that entity.[2] The arbitration award was confirmed on January 29, 1990, and on February 1, 1990, D & A filed a petition for bankruptcy relief.
 
 
 6
 On March 22, 1990, the corporation of Dorr, Bentley & Pecha, P.C. (the corporation) was formed, and Dorr and Pecha filed individual bankruptcy petitions the following day. At some point, it was agreed that Dorr and Pecha would each purchase 49.999% of the corporation's stock at a penny per share. According to SK & A, after the new corporation was created, D & A, through its partners, transferred the disputed assets from the limited liability company to the corporation.
 
 
 7
 When SK & A learned of these transactions, it attempted to have the bankruptcy discharges of Dorr and Pecha set aside based on their failure to reveal their ownership interests in the corporation. Appellants' App. at 69-73, 75-78. In response, Dorr and Pecha argued that they had no interest in the corporation when they filed their petitions, and that their later purchase of stock was a post-petition asset. Appellees' App. at 42-45, 46-49, 50-52, 55-57. No mention was made of a "pre-petition" subscription agreement. The bankruptcy court declined to revoke Dorr and Pecha's discharges, finding that they did not acquire property or an entitlement to property that should have been turned over to their bankruptcy estates. Appellants' App. at 52-54, 55-57.
 
 
 8
 As the only nonbankrupt partner of DKBP, SK & A first attempted to reach the allegedly fraudulently transferred assets through the bankruptcy court, but was informed that DKBP, the limited liability company, and the corporation, were outside the bankruptcy court's jurisdiction. Appellees' App. at 4. In June 1990, the bankruptcy court granted relief from the stay in the D & A case to allow SK & A to pursue recovery of the assets in state court. Id. at 7. As part of this action, SK & A named as defendants the corporation and its shareholders, including Dorr and Pecha, based on their receipt and use of the allegedly fraudulently conveyed assets.
 
 
 9
 On May 10, 1993, the state court granted partial summary judgment in favor of SK & A, granting a lien on DKBP's assets and their proceeds.[3] After SK & A attempted to foreclose on the lien, Dorr and Pecha filed a motion in the bankruptcy court seeking an order to show cause and/or a contempt citation against SK & A and its attorney, on the ground that they were attempting to collect a discharged debt. The bankruptcy court refused to take testimony on the issue, holding that based on the pleadings and documents filed in the case, the transactions underlying the complaint occurred post-petition. See id. at 17, 18, 23. The district court affirmed, holding that it was not clearly erroneous to conclude that Dorr and Pecha acquired their ownership interests in the corporation post-petition.
 
 
 10
 We independently review the bankruptcy court's decision, applying a clearly erroneous standard to its findings of fact. Hall v. Vance, 887 F.2d 1041, 1043 (10th Cir.1989). A finding of fact is clearly erroneous if, after reviewing the record, the court is left with a "definite and firm conviction that a mistake has been committed." Id. (quotations omitted). Questions of law are reviewed de novo. Id.
 
 
 11
 In an action to set aside a fraudulent conveyance, the complaint must name as defendants the transferee and any other person whose interests may be adversely affected. See 37 C.J.S. Fraudulent Conveyances 342, 343, 345 (1943). Here, SK & A's third amended complaint alleged that the assets of DKBP were fraudulently conveyed to the corporation of Dorr, Bentley & Pecha, P.C.; that Dorr and Pecha acquired ownership interests in the corporation after filing their individual bankruptcies; and that Dorr and Pecha used the fraudulently conveyed assets for their own gain. Appellants' App. at 43. The complaint sought recovery of the assets and any proceeds resulting from use of the assets. As the interests of both the transferee corporation and its shareholders would be affected if the allegedly fraudulent conveyance were set aside, Dorr and Pecha were proper defendants.
 
 
 12
 The next question is whether Dorr and Pecha's discharges prohibited SK & A's action against them. A bankruptcy discharge prohibits a creditor from seeking to collect a pre-petition debt. 11 U.S.C. 727(b). Here, however, SK & A did not seek to recover from Dorr and Pecha based on their alleged fraudulent conveyance of DKBP's assets, but rather, based on their status as shareholders in the transferee corporation. The relevant question, therefore, is whether they became shareholders in the corporation before or after filing their bankruptcy petitions.
 
 
 13
 The bankruptcy court found that Dorr and Pecha acquired their interests in the corporation post-petition, and thus SK & A's lawsuit did not violate their discharges. Despite Dorr and Pecha's argument to the contrary, this was a finding of fact which will not be disturbed unless clearly erroneous. Given the history of this case, the bankruptcy court could base its finding on previous testimony and representations in the pleadings, without taking further testimony.
 
 
 14
 The finding that Dorr and Pecha acquired their interests in the corporation post-petition is well-supported by the record. It is beyond cavil that Dorr and Pecha actually purchased their shares after filing for bankruptcy relief. As for the purported oral stock subscription, there is absolutely no evidence that this agreement was in existence when Dorr and Pecha filed bankruptcy. In fact, the only evidence regarding the date of the agreement is Steven Bentley's testimony that the parties did not agree on the division of stock ownership until several days after the corporation was formed and, therefore, after the bankruptcy petitions were filed. See Appellees' App. at 72-73.
 
 
 15
 Both Dorr and Pecha represented to the bankruptcy court that they were not shareholders and had "no interest" in the corporation on the date they filed their petitions. Id. at 51, 56. Their bankruptcy schedules state that they had no equitable interests or rights of power exercisable for the debtor's benefit. Id. at 19, 23. Although they now attempt to argue that their "shareholder status was ... created prior to the filing of their petitions," Appellants' Br. at 23, there is no clear error in the bankruptcy court's finding to the contrary.
 
 
 16
 Dorr and Pecha attempt to raise numerous issues for the first time on appeal. We decline their invitation to rewrite the issues in this case. See Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991)(holding that the appellate court will not address issues raised for the first time on appeal). We especially disapprove of Dorr and Pecha's attempt to collaterally attack the arbitration panel's final determination that DKBP's client base was a partnership asset that could be conveyed, as recognized by the Wyoming Supreme Court in Smith, Keller & Associates, 875 P.2d at 1265 n. 5 & n. 6.
 
 
 17
 SK & A and Riske have asked for attorney fees and costs on appeal. We are authorized to award such amounts pursuant to Fed.R.App.P. 38 if we determine the appeal to be frivolous. Dorr and Pecha have had an opportunity to respond to SK & A's request. See Braley v. Campbell, 832 F.2d 1504, 1514-15 (10th Cir.1987).
 
 
 18
 We conclude that fees and costs are appropriate in this case. Dorr and Pecha's position on appeal is without basis in fact or law, and is diametrically opposed to the position taken by them in an earlier bankruptcy proceeding. They have attempted to raise issues not previously raised before the bankruptcy or district courts. Certain statements and representations in their briefs are misleading. For these reasons, we award SK & A and Riske their costs and attorney fees incurred in defending this appeal.
 
 
 19
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED, and Smith, Keller & Associates and Don W. Riske are awarded their costs and attorney fees.
 
 
 
 **
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The arbitration panel found DKBP's assets to include "the client bases of the Gillette and Cheyenne offices, all accounts receivable, work in process, furniture, fixtures and equipment, leaseholds, business telephone numbers, logos and trademarks and marketing programs." Appellees' App. at 65-66
 
 
 [3]
 This summary judgment has since been reversed. See Smith, Keller & Assocs., 875 P.2d at 1271. Contrary to Dorr and Pecha's assertions, the Wyoming Supreme Court did not hold that a client base could not be conveyed and therefore that SK & A was not entitled to recover from the corporation or from Dorr and Pecha. See Appellants' Reply Br. at 1-2, 7 n. 2. The court simply held that SK & A's proof of a fraudulent conveyance was insufficient to show the absence of a genuine issue of material fact. Smith, Keller & Assocs., 875 P.2d at 1270-71. Noting that summary judgment is "notoriously inappropriate" when issues of fraud and intent are involved, the court reversed and remanded the case for further proceedings. Id. at 1271 (citation omitted). The court also held that D & A and the Dorr faction must account to SK & A for "any tangible or intangible assets of DKBP, including the value of the client base .... [and] any post-dissolution profits earned from continuing business of the DKBP partnership." Id. at 1268