### In re APEX OIL COMPANY, et. al., Debtors.

### No. 4:92CV887SNL.

United States District Court, E.D. Missouri, E.D.

Oct. 29, 1992.

James V. O'Brien, Lewis and Rice, Deborah A. Weedman, Neil H. Miller, Apex Oil Co., St. Louis, Mo., Billy R. Randles, Shook and Hardy, Kansas City, Mo., for Apex Oil Co.

Steven B. Haffner, Farmington Hills, Mich., for L.P.O.M. Group.

Steven N. Cousins, Armstrong and Teasdale, St. Louis, Mo., for Official Unsecured Creditors Committee.

James S. Cole, Jr., Asst. U.S. Trustee, Office of U.S. Trustee, St. Louis, Mo., for James S. Cole.

## MEMORANDUM

LIMBAUGH, District Judge.

The present cause of action is an appeal from the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division pursuant to 28 U.S.C. § 158 and B.R. 8001(a) and 8002(a). Claimant/appellant L.P.O.M. Group appeals a final order of the bankruptcy court granting the debtor's motion for summary judgment on March 6, 1992.

This is one of several bankruptcy appeals pending before this Court. Each of these appeals involves complex questions of bankruptcy law; an area of law that is arguably not within the Court's special expertise. Consequently, a considerable amount of time is required to review the bankruptcy court's action and the applicable law. In order to expedite these appeals, the Court has randomly chosen a few to refer to the United States Magistrate Judges for a report and recommendations. The present case is one of the appeals that the Court has chosen to refer to a magistrate for a report and recommendations.

The Court realizes that such a referral is not well-established as within the authority of this Court. The issue of referral of bankruptcy appeals to a magistrate appears to be an issue disputed among the circuits. This Court has carefully reviewed the relevant statutes and caselaw and determines that referral of this appeal to a magistrate for a report and recommendations, while reserving jurisdiction over this matter for a final determination, would not violate any provision of the current bankruptcy laws.

District courts have the authority to refer cases to a magistrate with some exceptions. 28 U.S.C. §§ 631–639. In situations where the district court is not specifically empowered to refer a case to a magistrate, the district court may do so under the general provision of 28 U.S.C. § 636(b)(3) which allows a district court to assign to a magistrate "such additional duties as are not inconsistent with the Constitution and the laws of the United States."

In 1978, the bankruptcy court system operated in conformance with the Bankruptcy Reform Act (BRA), Pub.L. No. 95–598, 92 Stat. 2549. Under the BRA, district courts were specifically prohibited from referring bankruptcy appeals to a magistrate. "A district court may not refer an appeal ... to a magistrate or to a special master." 28 U.S.C. § 1334(c) (1982). In 1984, the bankruptcy laws (or commonly referred to as the bankruptcy code) were amended with the passage of the Bankruptcy Amendments and Federal Judgeship Act (BAFJA), Pub.L. No. 98–353, 98 Stat. 333. The current bankruptcy court system operates in conformance with the BAFJA. There is nothing in the BAFJA which specifically prohibits a district court from referring a bankruptcy appeal to a magistrate. The prohibition of former section 1334(c) was not (re)enacted in the BAFJA.

In *In re Matter of Elcona Homes Corp.*, 810 F.2d 136 (7th Cir.1987), the Seventh Circuit held that a district court, even with the consent of the parties, did not have the authority to refer an appeal from a bankruptcy court decision to a magistrate for a final disposition of the appeal. *Id., supra.* The Court reviewed the history of the bankruptcy court system under the BRA and the BAFJA. It noted that under the BRA, referrals to a magistrate were prohibited pursuant to 28 U.S.C. § 1334(c). *Id.,* at 138. The Court went on to note that in response to the Supreme Court decision in *Northern Pipeline Const. Co. v. Marathon Pipeline,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (constitutionality of the bankruptcy court system questioned), Congress revamped the bankruptcy court system by enacting the BAFJA. *Id.,* at 139. The Court reasoned that even though the BAFJA did not contain an explicit prohibition against referrals of appeals to a magistrate, Congress gave such careful attention to the "complicated appellate pro-

cess established by the BAFJA, we conclude that if Congress had wanted district courts to have the power to refer appeals to magistrates, Congress would have specifically so provided." *Id.*, at 139. Finally, the Seventh Circuit found that one of the purposes of the BAFJA was to strengthen control of Article III courts over the bankruptcy courts. If appeals could be referred to magistrates (Article I judges), then this purpose would be frustrated. *Id.*, at 140.

However, the Tenth Circuit Court of Appeals has reviewed the issue and reached a different conclusion. In *Hall v. Vance*, 887 F.2d 1041 (10th Cir.1989), the Court held that referral of a bankruptcy appeal to a magistrate for an "advisory hearing" in which the district court explicitly reserved jurisdiction to render the final decision in the matter, did not violate the bankruptcy laws. *Id.*, *supra.* The Court noted the general referral provision of 28 U.S.C. § 636(b)(3). It also noted the absence of a prohibition similar to section 1334(c) of the old BRA under the current BAFJA. *Id.*, at 1045–1046. It addressed the findings and conclusions of the Seventh Circuit in *Elcona;* however it distinguished *Elcona* on the facts. It pointed out that in the case before it, unlike in *Elcona*, the district court was referring the bankruptcy appeal to the magistrate only for assistance; the final decision in the appeal was still for the district court to make.

> "In this case, the district court's order specifically states that the hearing before the magistrate would be advisory and that its purpose was to 'further define and focus the issues on appeal'. The district court explicitly reserved for itself the final decision on appeal. The district court, therefore, properly availed itself of the magistrate's assistance to hasten its handling of this case. By reserving for itself the final decision of the appeal, it avoided the error of the district court in *Elcona Homes*."

*Hall v. Vance*, 887 F.2d at 1046.

The Tenth Circuit therefore determined that a referral of a bankruptcy appeal to a magistrate for assistance only did not violate the current bankruptcy laws or thwart the objective of the BAFJA. *Hall v. Vance*, 887 F.2d at 1046. This Court agrees with the conclusions reached by the Tenth Circuit. There is no provision under BAFJA which prohibits the referral of a bankruptcy appeal to a magistrate for a report and recommendations. Furthermore, this Court disagrees with the *Elcona* decision, in that if Congress had intended *not* to give the district courts the power to refer appeals to magistrates, it would have specifically so provided (in the BAFJA) as it had done under the BRA. Therefore, this Court concludes that a referral of a bankruptcy appeal to a magistrate for a report and recommendations is proper.

Since the Court recognizes the uncertainty surrounding this decision, if a party so chooses, the Court will entertain a motion for an interlocutory appeal so that this issue can be resolved in this circuit.